UNITED STATES of America, Plaintiff,

v.

**George M. HOUSE and Marion M. House, Defendants.**

**Nos. G85–23–01 CR, G85–23–02 CR.**

United States District Court,
W.D. Michigan.

June 7, 1985.

George M. House and Marion M. House, in pro. per.

Lowell H. Becraft, Jr., Huntsville, Ala., for defendants.

David M. Brown and Dana Boente, Dept. of Justice, Washington, D.C., for plaintiff.

**OPINION ON MOTION TO
RECONSIDER MOTION
TO DISMISS**

MILES, Chief Judge.

Defendants were indicted on March 7, 1985 on seven counts of tax evasion in violation of 26 U.S.C. § 7201, and seven counts of failure to file income tax returns in violation of 26 U.S.C. § 7203. Defendants filed a motion to dismiss the indictment on April 12, 1985, claiming that the sixteenth amendment which grants Congress the power to lay taxes was never properly ratified, and that as a result, all laws that have been passed pursuant to the authority granted by the sixteenth amendment are null and void.

The Court denied defendants' motion to dismiss on April 30, 1985. On May 21, 1985, the date noticed for jury selection, defendants submitted a motion for reconsideration of their motion to dismiss on the basis that the Court had not had the opportunity to consider all the evidence on the subject of the ratification of the sixteenth amendment.

A hearing was held on Saturday, May 25, 1985. At that time defendants introduced the testimony of William Benson, co-author of the book, *The Law That Never Was*

(1985). Mr. Benson testified that he had researched the legislative history of the sixteenth amendment and had discovered that in the ratification process only four states had passed resolutions that quoted absolutely and accurately the sixteenth amendment as proposed by Congress. All the other states which had allegedly passed the amendment had in fact passed resolutions that in one or more ways differed from the language of the Congressional resolution.

It is defendants' contention that Philander Knox, then Secretary of State, was aware of the differences between the Congressional and the state versions of the proposed amendment, but that he nevertheless certified the amendment as having been ratified. This action, defendants contend, was in violation of the law, and rendered void the certification process.

The matter of the ratification of the sixteenth amendment as set forth by the defendants is one of first impression. It has never been before any appellate court of our nation.

In support of their contentions defendants introduced copies of what Mr. Benson testified were certified documents he had obtained from the National Archives in Washington, D.C. and copies of certified documents he had obtained from eight of the forty-eight states he had visited during his research. Over the objection of the government, which had never had an opportunity to review the voluminous documents, the Court agreed to provisionally admit the documents into evidence.

The documents illustrate that Secretary of State Philander Knox was aware in 1913 that the resolutions passed by the various states were not in every particular identical to the resolution adopted by Congress. Philander Knox nevertheless certified that thirty-six states had ratified the amendment. Some of the variances noted by Mr. Benson were the use of the word "sources" instead of "source," the word "levy" instead of "lay," the word "income" instead of "incomes," and differences in capitalization and punctuation. Mr. Benson present-

ed evidence that Minnesota did not provide a copy of the resolution it passed, even though the state of Wyoming was specifically required to do so. He also presented evidence that the state of Kentucky had never properly ratified the sixteenth amendment.

Defendants have not, in either their initial motion or in their motion for reconsideration, asserted any authority for their contention that state resolutions are invalid if they do not exactly mirror in every particular the amendment as proposed by Congress. Mr. Benson testified that he was aware of no constitutional provision, no statute, and no cases which state that errors in punctuation render an attempted ratification null and void. Defendants' only authority for their assertion that the ratification attempts were invalid is found in a Library of Congress Congressional Research Service publication dated April 18, 1980. That publication, according to defendant, states that the joint resolution must contain in full the exact language of the proposed amendment, and that it must contain a clear, unequivocal ratification clause. Defendants have offered no evidence that such a publication is binding on this Court at the present time, or on Philander Knox in 1913.

Neither has defendant offered any evidence that the variations of text affected in any material way the meaning or intent of the sixteenth amendment. Defendants have not shown the Court any evidence that a resolution containing the word "levy" means anything different from a resolution containing the word "lay." Neither have they shown any significance deriving from the addition of the letter "s" to the word "source" or the deletion of the letter "s" from the word "incomes." Defendants have not shown that the meaning of the amendment was altered in any way by the omission of a comma or the failure to capitalize a word.

Defendants have merely pointed to technical variances which may be of some historical interest, but which have no substan-

tive effect on the meaning of the sixteenth amendment.

In *Leser v. Garnett*, 258 U.S. 130, 42 S.Ct. 217, 66 L.Ed. 505 (1922), the Supreme Court was faced with the contention that the ratifying resolutions of Tennessee and West Virginia for the fifteenth amendment were inoperative because they were adopted in violation of the rules of legislative procedure prevailing in the respective states. The Court rejected this attack on the ratification procedure, stating:

> As the legislatures of Tennessee and of West Virginia had power to adopt the resolutions of ratification, official notice to the Secretary, duly authenticated, that they had done so was conclusive upon him, and, being certified to by his proclamation, is conclusive upon the courts.

*Id.* at 137, 42 S.Ct. at 218.

Philander Knox, Secretary of State in 1913, certified that the requisite number of states had ratified the sixteenth amendment. This certification was not made without knowledge of the minor discrepancies between the proposed amendment and the resolutions of the various states, as evidenced by the February 15, 1913 memorandum from the Office of the Solicitor. In that memorandum Mr. Knox was alerted to the errors in the resolutions passed by the legislatures of the several states ratifying the sixteenth amendment. Nevertheless, the memorandum recommended that he issue a declaration announcing the adoption of the sixteenth amendment. The memorandum noted that errors in wording, capitalization and punctuation had also been made in the resolutions of the states ratifying the fourteenth and fifteenth amendments, but that those errors had been found to be immaterial to the adoption of the amendments. The reasoning in this memorandum from the Office of the Solicitor is as persuasive to this Court as it apparently was to Secretary Knox:

> It should, moreover, be observed that it seems clearly to have been the intention of the legislature in each and every case to accept and ratify the 16th amendment as proposed by Congress. Again, the incorporation of the terms of the proposed amendment in the ratifying resolution seems in every case merely to have been by way of recitation. In no case has any legislature signified in any way its deliberate intention to change the wording of the proposed amendment. The errors appear in most cases to have been merely typographical and incidental to an attempt to make an accurate quotation.
>
> Furthermore, under the provisions of the Constitution a legislature is not authorized to alter in any way the amendment proposed by Congress, the function of the legislature consisting merely in the right to approve or disapprove the proposed amendment. It, therefore, seems a necessary presumption, in the absence of no express stipulation to the contrary, that a legislature did not intend to do something that it had not the power to do, but rather that it intended to do something that it had the power to do, namely, where its action has been affirmative, to ratify the amendment proposed by Congress. Moreover, it could not be presumed that by a mere change of wording probably inadvertent, the legislature had intended to reject the amendment as proposed by Congress where all parts of the resolution other than those merely reciting the proposed amendment had set forth an affirmative action by the legislature. For these reasons it is believed that the Secretary of State should in the present instance include in his declaration announcing the adoption of the 16th amendment to the Constitution the States referred to notwithstanding it appears that errors exist in the certified copies of Resolutions passed by the Legislatures of those States ratifying such amendment.

February 15, 1913 Memorandum from the Office of the Solicitor, pp. 15–16, *quoted in The Law That Never Was,* pp. 19–20.

Finally, the Court notes that the sixteenth amendment has been in existence for over half a century and has been applied by the Supreme Court in hundreds of

cases. As stated in *Maryland Petition Committee v. Johnson,* 265 F.Supp. 823, 826 (D.Md.1967)), *cert. denied,* 393 U.S. 835, 89 S.Ct. 109, 21 L.Ed.2d 106 (1968), "While age and usage are not absolute barriers to judicial inquiry, the courts have recognized them as persuasive indicia of validity."

In upholding the fifteenth amendment against constitutional challenge the United States Supreme Court noted that it "has been recognized and acted on for half a century." *Leser v. Garnett,* 258 U.S. 130, 136, 42 S.Ct. 217, 217, 66 L.Ed. 505 (1922). In *United States v. Association of Citizens Councils,* 187 F.Supp. 846, 848 (W.D. La.1960), the constitutionality of the fourteenth and fifteenth amendments was upheld "In the light of hundreds of cases in which the United States Supreme Court has applied the amendments." Similarly, in *United States v. Gugel,* 119 F.Supp. 897, 900 (E.D.Ky.1954), in rejecting a constitutional attack on the fourteenth amendment, the Court found legal significance in the fact that the fourteenth amendment had been recognized and acted upon by the Supreme Court for more than three-quarters of a century.

The sixteenth amendment and the tax laws passed pursuant to it have been followed by the courts for over half a century. They represent the recognized law of the land.

Because the sixteenth amendment was duly certified by the Secretary of State, because defendants have not alleged that the minor variations in capitalization, punctuation and wording of the various state resolutions are materially different in purpose or effect from the language of the congressional joint resolution proposing adoption of the sixteenth amendment, and because the sixteenth amendment has been recognized and acted upon since 1913, the Court rejects defendants' argument that the sixteenth amendment is not a part of the United States Constitution.

Plaintiff's motion to dismiss is DENIED.

IT IS SO ORDERED.