**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James FOSTER, Defendant-Appellant.**

**No. 85–1925.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 13, 1985.

Decided April 10, 1986.

As Amended May 13, 1986.

Rehearing and Rehearing En Banc
Denied May 23, 1986.

Andrew B. Spiegel, Chicago, Ill., for defendant-appellant.

Joan Bainbridge Safford, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, CUDAHY, Circuit Judge, and ESCHBACH, Senior Circuit Judge.

CUDAHY, Circuit Judge.

Defendant James Foster appeals his conviction on four counts of willfully failing to file an income tax return, in violation of 26 U.S.C. § 7203; two counts of willfully attempting to evade income taxes, in violation of 26 U.S.C. § 7201; and one count of willfully filing a false employee's withholding allowance certificate, in violation of 26 U.S.C. § 7205. We affirm.

Before 1979 James Foster filed yearly income tax returns, although in 1977 and 1978 he did not pay the full amount of tax due. For the years 1979, 1980, 1981 and 1982, he filed no tax returns, although he was employed at that time at Will-DuPage Service Co., in Wheaton, Illinois and was collecting disability pension benefits from the Village of Oak Brook, Illinois, where he had previously been employed as a policeman.

When he went to work for Will-DuPage Foster filed an employee's withholding allowance certificate ("W-4 form"), properly claiming two allowances. (He was married at that time.) On January 1, 1981, he filed a new—and false—W-4 form with Will-DuPage, claiming an exemption from withholding on the grounds that he did not owe any federal tax in 1980 and did not expect to owe any in 1981. In September 1981 the Internal Revenue Service (the "IRS") notified Will-DuPage that Foster's 1981 W-4 form was incorrect and instructed it to start withholding tax on the basis of one allowance. (Foster was divorced from his wife that month.) Will-DuPage withheld as directed. Foster wrote to his employer with instructions to stop withholding. He wrote his employer another letter in February 1982, denying that he had any tax liability and again demanding that the withholding stop. Two days later he filed another false W-4 form, claiming exemption from withholding on the basis that he owed no federal tax for 1981. On instructions from the IRS, Will-DuPage stopped withholding.

In January 1985 a grand jury indicted Foster for willfully failing to file income tax returns in 1979, 1980, 1981 and 1982; willfully attempting to evade income taxes in 1981 and 1982; and willfully filing a false W-4 form in 1982. Foster, appearing pro se, waived trial by a jury and presented no defense at his trial before the district judge. He was found guilty on all counts, the judge finding that he had known that he was required to file income tax returns and failed to do so; that he had filed false W-4 forms knowing them to be false; and that his overall purpose had been to evade taxes. Transcript of Proceedings (March 25, 1985), at 156–57.

At the sentencing hearing, Foster was represented by counsel. He was sentenced to eighteen months' imprisonment: six months on Count One (failure to file in 1979); twelve months on Count Two (failure to file in 1980), to run consecutively to Count One; eighteen months on Count Three (attempted tax evasion in 1981), to run concurrently with Counts One and Two; twelve months on Count Four (failure to file for 1981), to run consecutively to Count One but concurrently with Counts Two and Three. Sentence was suspended on Counts Five through Seven (attempted tax evasion for 1982, failure to file in 1982, filing a false W-4 form in 1982).

Foster raises three arguments on appeal: (1) that conviction for both the misdemean-

ors of failure to file and of filing a false W–4 form and the felony of attempted tax evasion for the years 1981 and 1982 violated the double jeopardy clause of the Fifth Amendment; (2) that the evidence was insufficient to establish the mental state necessary for a conviction on any count; and (3) that the prosecution was void *ab initio* because the Sixteenth Amendment to the federal Constitution was never properly ratified.

■ Foster argues that his convictions for both the § 7201 felony and the § 7203 and § 7205 misdemeanors violated the double jeopardy clause. A violation of 26 U.S.C. § 7201 [1] requires proof of the following elements: (1) the existence of a tax deficiency; (2) an affirmative act constituting an evasion or attempted evasion of the tax; and (3) willfullness. *Sansone v. United States*, 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965). In support of its assertion that Foster attempted to evade taxes in 1981, the government offered evidence that he (1) failed to file an income tax return for that year; (2) filed a false W–4 form with his employer for that year; and (3) directed correspondence to his employer in late 1981 instructing him to honor his W–4 form and stop withholding. For the 1982 violation of § 7201, the government offered evidence that Foster (1) failed to file a tax return in 1982; (2) directed correspondence to his employer in early 1982 instructing him to stop withholding; (3) filed a false W–4 form with his employer in 1982. Because he was convicted of the misdemeanors of failure to file and filing false W–4 forms as well as the tax evasion felonies for 1981 and 1982,

Foster contends that his Fifth Amendment protection against "cumulative punishments for the same offense" has been violated.

In its recent opinion in *Garrett v. United States*, —— U.S. ——, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985), the Supreme Court discussed the double jeopardy analysis to be undertaken when the same conduct violates two statutory provisions. The first step is to determine whether Congress intended that each violation be a separate offense. "There is nothing in the Constitution which prevents Congress from punishing separately each step leading to the consummation of a transaction which it has power to prohibit and *punishing also the completed transaction*." *Id.*, 105 S.Ct. at 2412 (emphasis in original), *quoting Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). The inquiry is into the language, structure and legislative history of the statutes involved. *Garrett*, 105 S.Ct. at 2412. If the legislative intent is unclear, it can also be inferred by using the test laid out in *Blockburger v. United States* —whether "[e]ach of the offenses created requires proof of a different element." *See Garrett*, 105 S.Ct. at 2411, *quoting Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182.

As for the § 7203 [2] misdemeanors, the statutory language suggests two separate offenses: both § 7201 and § 7203 state that the penalties imposed are "in addition to other penalties provided by law." *See supra* notes 1 & 2. The legislative history, on the other hand, is inconclusive. See S.Rep. No. 1622, 83d Cong., 1st Sess.

---

**1.** 26 U.S.C. § 7201 (1982) provides:

Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution.

**2.** 26 U.S.C. § 7203 (1982) reads in relevant part:

Any person required under this title to pay any estimated tax or tax, or required by this

title or by regulations made under authority thereof to make a return ... keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $25,000 ... or imprisoned not more than 1 year, or both, together with the costs of prosecution....

(1954), *reprinted in* [1954] U.S.Code Cong. & Ad.News 4621, 5251 ("Under these amendments, section 7201 will apply only to a willful attempt in any manner to evade or defeat the tax or payment thereof, and the lesser offense of a willful failure to file a tax return will be punishable as a misdemeanor under section 7203."); H.Conf.Rep. No. 2543, 83d Cong., 1st Sess. (1954), *reprinted in* [1954] U.S.Code Cong. & Ad. News 5280, 5343–44 (substantially similar language).

The structure of the statute—one broad felony followed by a large number of related misdemeanors—suggests different offenses. The Supreme Court in *Spies* described § 7201 as "the capstone of a system of sanctions which *singly or in combination* were calculated to induce prompt and forthright fulfillment of every duty under the income tax law...." *Spies*, 317 U.S. at 497, 63 S.Ct. at 367 (emphasis supplied). The court in *Reynolds v. United States*, 288 F.2d 78 (5th Cir.), *cert. denied*, 368 U.S. 883, 82 S.Ct. 127, 7 L.Ed.2d 83 (1961), agreed, holding that Congress intended a § 7201 offense and the misdemeanor of willfully failing to pay tax, 26 U.S.C. § 7202, to be separate offenses. Further, applying the *Blockburger* test, we find that a violation of either statute would not necessarily entail a violation of the other. *See United States v. Woodward*, 469 U.S. 105, 105 S.Ct. 611, 612, 83 L.Ed.2d 518 (1985). In *Woodward*, the defendant made a false statement to a customs agent when declaring what he was bringing into the country. He was convicted of making a false statement to a United States agency and willfully failing to report that he was carrying more than $5,000 into the country. Although the same conduct—answering "no" to the question whether he was bringing more than $5,000 into the country—was the basis for both convictions, the Court noted that "proof of a currency reporting violation does not *necessarily* include proof of a false statement offense." *Id.* (emphasis supplied).

A § 7203 misdemeanor requires proof that (1) the defendant had a legal duty to file a tax return; (2) he failed to do so; and (3) he acted willfully. *United States v. Gorman*, 393 F.2d 209, 213 (7th Cir.), *cert. denied*, 393 U.S. 832, 89 S.Ct. 102, 21 L.Ed.2d 103 (1968). There is no requirement of an affirmative act, whereas a § 7201 offense requires some affirmative act. Failure to file without more will not sustain a conviction under § 7201. *United States v. Spies*, 317 U.S. 492, 499, 63 S.Ct. 364, 368, 87 L.Ed. 418 (1943). Conversely, while someone attempting to evade or defeat tax will often fail to file a return, this is not necessary for the completion of the offense (for instance, one could file a fraudulent return or file a return without remitting payment). Finally there is no indication that Congress did not intend these two statutory provisions to be separate offenses. *See Albernaz v. United States*, 450 U.S. 333, 340, 101 S.Ct. 1137, 1142, 67 L.Ed.2d 275 (1981). All guides to legislative intent suggest that Congress meant §§ 7201 and 7203 to constitute separate offenses and that Foster's convictions for both offenses do not violate the double jeopardy clause.

■ With regard to the § 7205 [3] violation, Congress stated its intent in the statutory language: a criminal conviction for a violation of § 7205 should be "in lieu of any other penalty provided by law." [4] This lan-

---

**3.** 26 U.S.C. § 7205(a) (1982) reads:

Any individual required to supply information to his employer under section 3402 who willfully supplies false or fraudulent information thereunder which would require an increase in the tax to be withheld under section 3402, shall in lieu of any other penalty provided by law (except the penalty provided by section 6682), upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both.

**4.** *See supra* note 3. For violations occurring after July 18, 1984, Congress has amended this provision to read that a § 7205 criminal penalty shall be "in addition to" any other penalty provided by law. Pub.L. No. 98–369, § 159(a)(1), 98 Stat. 696 (1984). The legislative history examined the change: "Thus for example, prosecution for willful evasion (sec. 7201) is not barred where prosecution for a false certificate (sec. 7205) is also possible." H.Conf.Rep. No. 861, 98th Cong., 2d Sess. 1001 (1984), *reprinted*

guage was added by § 2(a) of The Current Tax Payment Act of 1943, Pub.L. No. 68, 57 Stat. 126, 138, *codified at* 26 U.S.C. § 1626(d) (I.R.C.1939), and the legislative history explains that the penalties imposed by the section "are in lieu of those provided in section 145(a) of the code." S.Rep. No. 221, 78th Cong., 1st Sess. 31 (1943). Section 145(a) of the 1939 Internal Revenue Code was a misdemeanor offense of failing to file returns, submit information or pay tax and was the apparent predecessor to § 7203 of the 1954 Code. Section 145(b) was, however, a felony offense producing a heavier penalty for "any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter...." Thus, it appears that Congress intended a conviction for filing a false W-4 form to be in lieu of other misdemeanors involving filing but not in lieu of the felony offense of attempting to evade the income tax. This further buttresses our view that Congress intended the § 7201 offense to be an offense separate from the numerous misdemeanors in the Code. When § 1626(d) was moved to § 7205 in the current tax code, the legislative history noted that no change was intended from existing law. S.Rep. No. 1622, 83d Cong., 1st Sess. (1954), *reprinted in* [1954] U.S.Code Cong. & Ad.News 4621, 5252. As with § 7203, filing a false W-4 form and attempting to evade taxes are separate offenses under *Blockburger* as well. Since Congress intended that § 7201 and § 7205 be separate offenses, Foster's double jeopardy argument must fail.[5]

Second, Foster argues that his convictions on all counts are not supported by sufficient evidence because the government did not prove that he had the requisite state of mind for any of the offenses. The government was required to prove that Foster acted "willfully" with respect to each of the seven offenses.

To show that Foster acted willfully, the government needed to demonstrate that Foster intentionally violated a known legal duty—it was not required to show any bad purpose on his part. *United States v. Pomponio,* 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976). Foster's reliance upon *United States v. Aitken,* 755 F.2d 188 (1st Cir.1985), and *United States v. Phillips,* 775 F.2d 262 (10th Cir.1985), where a subjective test—requiring an inquiry into the defendant's *actual* state of mind—was employed, is misplaced. Whatever may be the theoretical objections, the Seventh Circuit has adopted an objective test: because the mistake of law defense is extremely limited, a mistake on the defendant's part must be "objectively reasonable." *United States v. Moore,* 627 F.2d 830, 833 (7th Cir.1980), *cert. denied,* 450 U.S. 916, 101 S.Ct. 1360, 67 L.Ed.2d 342 (1981). *Accord United States v. Witvoet,* 767 F.2d 338, 340 (7th Cir.1985); *United States v. Bressler,* 772 F.2d 287, 290 (7th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 852, 88 L.Ed.2d 892 (1986).

Moreover, the evidence supports the conclusion that Foster acted willfully under *either* test. The district court found that Foster knew that he had to file income tax returns, that he knew that he had made

---

*in* [1984] U.S.Code Cong. & Admin.News 1445, 1689. The amendment was made in response to *United States v. Williams,* 644 F.2d 696, 700 (8th Cir.), *cert. denied sub nom. Terrell v. United States,* 454 U.S. 841, 102 S.Ct. 150, 70 L.Ed.2d 124 (1981), where the court ruled that Congress intended filing a false W-4 form to be punished solely under § 7205 and did not intend such conduct to be included under § 7212 (endeavoring to obstruct the due administration of the Internal Revenue Code).

**5.** We also note that, since all of these convictions were obtained at one trial, Foster's only argument can be against cumulative punish-

ments, not cumulative prosecutions. In fact, the sentencing was arranged in such a way that he received only eighteen months' imprisonment overall. He was sentenced to eighteen months on Count Three (attempted tax evasion in 1981) and received a suspended sentence on Count Five (attempted tax evasion in 1982). The other sentences ran concurrently with Count Three and (with some running concurrently with each other) equaled eighteen months. Thus, even if there had been a double jeopardy violation we fail to see how, under the sentencing scheme here, it resulted in cumulative punishment.

false statements on his W–4 Forms, and that he had an "overall purpose" to evade taxes he knew he owed. We cannot say that these findings were clearly erroneous. Before 1979 Foster filed taxes regularly and before 1980 he filed accurate W–4 forms with his employers. He also received several notifications about his tax liability from the IRS. Also in the record are tax protester materials Foster sent to the IRS and to Will-DuPage. The evidence supports the conclusion that Foster acted willfully in failing to file tax returns, filing a false W–4 form and attempting to evade taxes.

Foster's third assertion of error is that his prosecution under the Internal Revenue Code of 1954, 26 U.S.C. § 1 *et seq.*, was void *ab initio* because the Sixteenth Amendment to the federal Constitution was never properly ratified. Foster only gave this court the briefest of explanations, in his reply brief, as to *why* the amendment was improperly ratified. In his opening brief he incorporated by reference the brief filed by the defendant-appellant in *United States v. Ferguson*, No. 85–1688, currently pending before this court.

█ This incorporation method violates F.R.A.P. 28(a)(4), which requires that an appellant's brief contain "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." Mr. Foster has merely cited to a brief in an unrelated case, prepared by a different attorney from his own—which itself does not explain why the Sixteenth Amendment is void beyond stating the conclusion that the required number of state legislatures never ratified the amendment and that then-Secretary of State Philander C. Knox falsified the certification record. *See* Appellant's Brief, *United States v. Ferguson*, No. 85–1688, at 10.

In his reply brief, Foster sets forth the following contentions: (1) that on February 25, 1913 Secretary Knox certified the Sixteenth Amendment as duly ratified, 36 states having tendered ratifying resolutions to the State Department; (2) that Knox knew that 11 states had adopted versions with different wording, 22 states had altered the amendment's punctuation, and one state (Kentucky) had actually rejected the proposed amendment; (3) that the Office of the Solicitor had informed Knox that "a legislature is not authorized to alter in any way the amendment proposed by Congress"; (4) that Knox therefore knew he was under a duty to instruct those 33 states that they must ratify a conforming version of the amendment. Appellant's Reply Brief at 10–12. Based on these contentions, Foster asserts that the ratification of the Sixteenth Amendment did not comply with Article V of the Constitution and that therefore the Sixteenth Amendment is unconstitutional.

At the outset, we note that the Sixteenth Amendment has been in existence for 73 years and has been applied by the Supreme Court in countless cases. While this alone is not sufficient to bar judicial inquiry, it is very persuasive on the question of validity. In *Knoblauch v. Commissioner*, 749 F.2d 200 (5th Cir.1984), *cert. denied*, —— U.S. ——, 106 S.Ct. 95, 88 L.Ed.2d 78 (1985), the court was presented with the argument that the Sixteenth Amendment had not been properly ratified because "Ohio was not a state when it ratified the amendment, that William Howard Taft, being from Ohio, was thus not legally president at that time, and that all laws enacted during Taft's administration are therefore void." *Id.*, at 201. The court found persuasive in rejecting that argument the fact that " 'recognition of the validity of [the] amendment [has] continued in an unbroken line.' " *Id.* at 202, *citing Parker v. Commissioner*, 724 F.2d 469, 471 (5th Cir.1984). *See also, e.g., Maryland Petition Committee v. Johnson*, 265 F.Supp. 823, 826 (D.Md.1967), *aff'd*, 391 F.2d 933 (4th Cir.), *cert. denied*, 393 U.S. 835, 89 S.Ct. 109, 21 L.Ed.2d 106 (1968) (Fourteenth Amendment's "age and usage" are "persuasive indicia" of valid ratification); *United States v. Association of Citizens Councils*, 187 F.Supp. 846, 848 (W.D. La.1960) (noting in upholding validity of

Fourteenth and Fifteenth Amendments the "hundreds of cases in which the United States Supreme Court has applied these Amendments").[6]

■ Thus, we would require, at this late hour, an exceptionally strong showing of unconstitutional ratification. Foster has not made such a showing. He has not asserted any authority, binding on this court or for that matter on Secretary Knox in 1913, for his contention that a state's ratifying resolution may not have different punctuation or slightly different wording than Congress' version of an amendment.[7] He offers no support for his claim that any wording changes were not inadvertent but rather the product of "deliberate malfeasance." He has not shown that these slight variations affected the meaning of what the states acceded to in ratifying the amendment. "[He] has merely pointed to technical variances which may be of some historical interest but which have no substantive effect on the meaning of the Sixteenth Amendment." *United States v. House,* 617 F.Supp. 237, 238–39 (W.D.Mich. 1985) (addressing precisely the same contentions on a complete record). He clearly has not carried the burden of showing that

this 73-year-old amendment was unconstitutionally ratified.

For all of the foregoing reasons, the conviction of James Foster on all counts is

AFFIRMED.

---

6. Further, we note that there is authority for treating the validity of an amendment's ratification as a non-justiciable political question. In *Leser v. Garnett,* 258 U.S. 130, 42 S.Ct. 217, 66 L.Ed. 505 (1922), it was objected that the resolutions of two states ratifying the Nineteenth Amendment did not conform to those states' legislative procedure. The Supreme Court ruled that

> [t]he proclamation by the Secretary certified that from official documents on file in the Department of State it appeared that the proposed Amendment was ratified by the legislatures of thirty-six states, and that it 'has become valid to all intents and purposes as a part of the Constitution of the United States.' As the legislatures of Tennessee and of West Virginia had power to adopt resolutions of ratification, official notice to the Secretary, duly authenticated, that they had done so was conclusive upon him, *and, being certified to by his proclamation, is conclusive upon the courts.*

*Id.* at 137, 42 S.Ct. at 217 (emphasis supplied). In *Coleman v. Miller,* 307 U.S. 433, 450, 59 S.Ct.

972, 980, 83 L.Ed. 1385 (1939), the Court refused to address the effect of a previous ratification or rejection of the Child Labor Amendment upon a subsequent ratification, finding this "a political question pertaining to the political departments." These two cases have been followed by several lower courts, *see, e.g., United States v. Ferguson,* No. 84–100–CR, —— F.Supp. —— (N.D.Ind. Jan. 15, 1985) (addressing same arguments as this appeal concerning invalidity of Sixteenth Amendment); *Maryland Petition Committee,* 265 F.Supp. at 825–27 (addressing contention that fewer than three-quarters of the states ratified Fourteenth Amendment).

7. Foster dispenses with the ultimate conclusion of the Solicitor—that the ratification was proper—by calling it a "house of cards." Appellant's Reply Brief at 12. One district court has found the reasoning in the Solicitor's memorandum "as persuasive to this Court as it apparently was to Secretary Knox." *United States v. House,* 617 F.Supp. 237, 239 (W.D.Mich.1985).