William A. MITCHELL, Petitioner-Appellant,

v.

WISCONSIN DEPARTMENT OF REVENUE,
Respondent.

Court of Appeals

*No. 85–0296. Submitted on briefs May 7, 1986.—Decided
June 19, 1986.*

(Also reported in 392 N.W.2d 469.)

For the petitioner-appellant the cause was submitted on the briefs of *William A. Mitchell,* pro se, of Janesville.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Gerald S. Wilcox,* assistant attorney general.

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J.    William A. Mitchell appeals from a judgment affirming an order of the Tax Appeals Commission assessing Wisconsin income taxes for the years 1981 and 1982. The issue is whether the sixteenth amendment to the United States Constitution was improperly ratified and fraudulently certified, thus invalidating Wisconsin's income tax laws. Because the issue is nonjusticiable, we affirm the trial court.

Mitchell's 1980 Wisconsin income tax return stated that he had no taxable income.[1] He did not file a return for 1981. The Department of Revenue assessed taxes for both years. Mitchell petitioned for a redetermination, claiming that the wages he earned in 1980 and 1981 were not subject to income tax. The department denied the petition and the commission affirmed. Mitchell then appealed to the trial court where he argued that because ch. 71, Stats., does not define "income," the taxing statutes are ambiguous and there-

---

[1] Attached to Mitchell's 1980 return was a W–2 form indicating that he earned wages of $39,531.85.

fore void. The court correctly rejected the argument, holding that Wisconsin has adopted the Internal Revenue Code definition of "income" for tax purposes as including "all income from whatever source derived."

Mitchell argues for the first time on appeal that the sixteenth amendment and all federal tax laws enacted under its authority are invalid. As a result, he contends that the trial court's decision, resting as it does on a section of the Internal Revenue Code, is without legal foundation. We have discretion to consider a constitutional issue raised for the first time on appeal if justice dictates, as long as both parties have had the opportunity to brief the issue and there is no need to resolve questions of fact. *In Interest of Baby Girl K,* 113 Wis. 2d 429, 448, 335 N.W.2d 846, 856 (1983), *appeal dismissed sub nom, Buhse v. Krueger,* 465 U.S. 1016 (1984). We will consider the issue.

Mitchell claims that only four states passed ratification resolutions accurately quoting the text of the sixteenth amendment as proposed by Congress, and that the resolutions passed in all other states ratifying the amendment contained errors of punctuation, capitalization or wording.[2] He asserts that when United

---

[2] The "discrepancies" were discussed in *United States v. House,* 617 F. Supp. 237, 238 (W.D. Mich. 1985), where the court considered (and rejected) the same argument. The variances included the use of the word "sources" instead of "source," the word "levy" instead of "lay," and the word "income" instead of "incomes."

The opinion in *House* also quotes from a memorandum from the State Department's solicitor to Secretary Knox describing the

States Secretary of State Philander Knox became aware of these discrepancies, he could only assume that they were "deliberate changes" made by the various states as evidence of their intention to cast a "no" vote on ratification of the proposed amendment. As a result, Mitchell contends that Knox's certification of an affirmative ratification vote should be declared null and void as part of a conspiracy to defraud the American public.

The argument raises political questions traditionally regarded as beyond the scope of judicial power. In *Leser v. Garnett*, 258 U.S. 130 (1922), it was alleged that the resolutions of the Tennessee and West Virginia legislatures ratifying the nineteenth amendment were inoperative because they were adopted in violation of then-prevailing rules of legislative procedure. The court refused to consider the procedural violations, holding that the resolutions, having been duly authenticated, were conclusive upon the secretary of state and, "being certified to by his proclamation, [are] conclusive upon the courts." *Id.* at 137.

Mitchell's argument is without merit. Others have pressed the same theories in federal court in recent years. Wherever and however raised, they have been uniformly rejected for the same reason we reject them here.[3] The United States Supreme Court settled the issue in 1922.

---

variances as "merely typographical and incidental to an attempt to make an accurate quotation." *Id.* at 239.

[3] *United States v. Thomas*, 611 F. Supp. 881 (N.D. Ill. 1985); *United States v. House, supra* note 2; *United States v. Wojtas*, 611 F. Supp. 118 (N.D. Ill. 1985); *United States v. Ferguson*, 615 F. Supp. 8 (S.D. Ind. 1985).

The department seeks costs under secs. 809.25(3)(a) and 809.25(3)(c)2, Stats. While we recognize that Mitchell prosecuted the appeal without counsel, even a minimal inquiry into the validity of the argument would have shown it to be groundless. We conclude that Mitchell knew or should have known that his appeal lacked any reasonable basis in law or equity and could not be supported by a good faith argument for a reversal or modification of the law. Accordingly, we remand to the trial court to assess the costs and fees chargeable to Mitchell under sec. 809.25(3).

*By the Court.*—Judgment affirmed and cause remanded with directions.