812 F.2d 1402
 22 Fed. R. Evid. Serv. 909
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Myron A. LIMBURG, a/k/a "Mike" Limburg and Eileen T.
Limburg, Appellants.
 No. 85-5277.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 14, 1986.
Decided Feb. 18, 1987.
 
 Before WIDENER and ERVIN, Circuit Judges, and BOYLE, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 Andrew B. Spiegel on brief for appellants.
 Kent S. Robinson, Assistant United States Attorney (Henry E. Hudson, United States Attorney, Robert J. Seidel, Jr., Assistant United States Attorney on brief) for appellee.
 PER CURIAM:
 
 
 1
 Myron A. Limburg and Eileen T. Limburg were convicted by a jury of two counts of subscribing to a false income tax return in violation of 26 U.S.C. Sec. 7206(1). The Limburgs began distributing Amway products in the mid 1970's. They were successful in this business. By 1979 and 1980 the Limburgs had achieved the level of "direct distributors" in the Amway system. Part of the Limburgs' business involved encouraging those "down-line" from them to recruit others into the Amway organization.
 
 
 2
 The record shows that during the years 1979 and 1980 the Limburgs purchased motivational items such as books and tapes and sold them at a mark-up to their down-line distributors. The defendants had gross receipts of $116,234 in 1979 and $367,646.64 in 1980 from the sale of motivational items. These gross receipts were not listed or otherwise claimed as income on the Limburgs' 1979 and 1980 tax returns.
 
 
 3
 At trial the government produced evidence showing that the Limburgs had expended $27,000 in excess of their reported income in 1979 and $44,000 in excess of their reported income in 1980. In rebuttal, the Limburgs attempted to show that the source of these additional funds was Mr. Limburg's inheritances from his parents. The Limburgs failed, however, to sufficiently prove this theory.
 
 
 4
 The Limburgs further contended that they did not realize they were making a profit from the sale of books and tapes. They claim that their accountant led them to believe that they were not required to report this information on their returns. The defendants argued that they did not know that these returns were incorrect until they hired a subsequent accountant, Charles Pless, to review the returns. Pless appeared as a witness for the defense. He was to testify that the Limburgs believed their 1979 and 1980 returns were correct when they signed them. Before this testimony was offered, the trial judge sustained the objections of the United States and excluded the evidence. The testimony of Mr. Pless was then proffered for the record.
 
 
 5
 On appeal the Limburgs contend that: (1) as a matter of law, there was insufficient evidence to support their convictions; (2) the trial judge erred in excluding the testimony of Charles Pless; and (3) the Sixteenth Amendment to the United States Constitution is null and void because of fraud in its ratification. Finding that the government produced substantial evidence upon which a jury could find the defendants guilty and no prejudicial error, we affirm.
 
 I.
 
 6
 The appellants contend that there was insufficient evidence of their intent to willfully file false returns in violation of the law. This court will reverse only if, viewing the evidence and the inferences therefrom in the light most favorable to the government, no rational trier-of-fact could find the defendants guilty beyond a reasonable doubt. Burks v. United States, 437 U.S. 1, 16-17, United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982).
 
 
 7
 When used in the criminal context, the term "willfully" means a "voluntary, intentional violation of a known legal duty." United States v. Pomponio, 429 U.S. 10, 12 (1976). Because it is seldom possible to offer direct evidence of intent, the government may rely on circumstantial evidence to prove the defendants' culpability of mind. United States v. Diamond, 788 F.2d 1025, 1030 (4th Cir.1986).
 
 
 8
 Here, the evidence clearly shows that the Limburgs were spending large amounts of money which could not be reconciled with the amount of income reported on their tax returns in 1979 and 1980. The evidence also indicates that the Limburgs were able to provide their tax preparer with a detailed itemization of their business expenses. The defendants had an account of all their travel expenses, traffic tolls, telephone calls, lodging, meals and other associated expenses for the years involved. In contrast, the defendants' evidence was that they were unable to determine if any gain arose from the sale of these tapes and books. The jury was instructed on the law by the court and heard the same argument that the Limburgs now make, that they had no knowledge they were making profits on the books and tapes.
 
 
 9
 The Limburgs further argue that the underreporting of gross receipts is not material since Treasury Regulation Sec. 61-3(a) mandates that gross income be reported, not gross receipts. This argument is meritless since the reporting provision does not in any way suggest that gross receipts are immaterial. The provision simply states that gross income from a business must be reported. Moreover, evidence that the Limburgs knowingly underreported their gross receipts could justifiably raise the inference that they subscribed to a false income tax return in violation of 26 U.S.C. Sec. 7206(1). See e.g., United States v. Marabelles, 724 F.2d 1374, 1380-81 (9th Cir.1984).
 
 
 10
 We find that the government produced substantial evidence from which a jury could find the defendants guilty beyond a reasonable doubt on these charges.
 
 II.
 
 11
 The Limburgs also contend that the trial court committed reversible error in excluding much of the testimony of Charles Pless. Pless was called as a witness by the defense. He testified that he discovered the unreported gross receipts, informed the Limburgs, and that they then expressed surprise. This portion of the testimony was excluded by the trial judge on the basis of Rule 407 of the Federal Rules of Evidence. Rule 407 provides that subsequent preventative measures are inadmissible to prove negligence or culpable conduct in connection with an event. This Rule is usually applied in the context of safety measures. The Limburgs called Pless to testify as to their "state of mind" or lack of intent to submit false returns. Therefore, Rule 407 was erroneously invoked in this case.
 
 
 12
 The record is replete with evidence from which the jury could find the requisite intent to file false returns for the years 1979 and 1980. Both Myron and Eileen Limburg testified to essentially the same substance as the Pless testimony. The government never disputed the Limburgs' cooperation during the investigation or their contacts with Pless. Although it was error to exclude this relevant testimony from Pless, this error was not prejudicial. The jury heard the same testimony from the defendants and was not convinced of their lack of knowledge or intent to file the false returns.
 
 III.
 
 13
 Finally, the appellants argue that the presence of fraud in the ratification of the Sixteenth Amendment of the United States Constitution required dismissal of the indictment. The Limburgs contend that the required number of state legislatures never ratified the amendment and that the then Secretary of State falsified the certification record.
 
 
 14
 The Sixteenth Amendment has been in existence for 73 years and has been applied by the Supreme Court in countless cases. While this alone is not sufficient to bar judicial inquiry, it is persuasive on the amendment's validity. The defendants fail to show that the amendment was never ratified. They offer no authority that a state's ratifying resolution may not differ slightly from the proposed amendment. Appellants' counsel made the same argument in the Seventh Circuit where it was rejected. See, United States v. Foster, 789 F.2d 457, 462-63 (7th Cir.1986), and United States v. Thomas, 788 F.2d 1250, 1253 (7th Cir.1986).
 
 
 15
 The defendants' conviction in the District Court is affirmed.
 
 
 16
 AFFIRMED.
 
 WIDENER, Circuit Judge, concurring:
 I.
 
 17
 I concur in the judgment of the court.
 
 II.
 
 18
 I concur without reservation in all of the opinion of the majority except part II.
 
 III.
 
 19
 I concur in part II of the opinion only because of our decision in United States v. Portsmouth Paving Corp., 694 F.2d 312 (4th Cir.1982), in which the same question was presented in only slightly different context and decided adversely to the criminal defendant there.