816 F.2d 311
 59 A.F.T.R.2d 87-943, 87-1 USTC P 9296
 Gerald LYSIAK, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
Gerald LYSIAK, Plaintiff-Appellant,
v.
COMMISSIONER, District Director and Regional Director of the
INTERNAL REVENUE SERVICE, Defendants-Appellees.
 Nos. 86-1371, 86-2454.
 United States Court of Appeals,
Seventh Circuit.
 Submitted Feb. 26, 1987.
Decided April 6, 1987.
 
 Gerald Lysiak, pro se.
 Michael L. Paup, Chief Appellate Section, Tax Div., Dept. of Justice, Roger M. Olsen and Jean Owens, Asst. Attys. Gen., Tax Div., I.R.S., Richard Farber, Tax Div., Dept. of Justice, and Michael J. Roach, Washington, D.C., John Daniel Tinder, U.S. Atty., Gerald A. Coraz, Asst. U.S. Atty., Indianapolis, Ind., for respondent-appellee.
 Before CUMMINGS, CUDAHY and MANION, Circuit Judges.
 PER CURIAM.
 
 
 1
 On February 6, 1987, this Court in Case No. 86-1371, 812 F.2d 1410, affirmed by unpublished order a decision of the Tax Court dismissing pro se appellant Gerald Lysiak's petition for redetermination of deficiencies. In that order we imposed a $1500.00 penalty against Lysiak under Rule 38, Fed.R.App.P., because his appeal was frivolous. We have not been advised that any payment has been received to date, but Lysiak has moved for leave to file a late petition for rehearing, claiming in part that he was unaware of the 14-day deadline set by Rule 40(a), Fed.R.App.P.
 
 
 2
 This is hardly Lysiak's first contact with this Court, or even the first time he has been sanctioned for making frivolous arguments in appeals related to the federal tax laws. In Lysiak v. Commissioner of Internal Revenue, 774 F.2d 1168 (7th Cir.1985), we imposed sanctions against Lysiak and his attorney for frivolous arguments made in support of Lysiak's claim that he was exempt from taxation as a member of a certain religious order. We also note that on May 1, 1986 we denied Lysiak's petition for a writ of mandamus in Lysiak v. U.S. Tax Court, Case No. 86-1404, in which he sought an order directing the Tax Court to reinstate a petition that had been dismissed for lack of prosecution. Although the arguments Lysiak made in support of his petition for mandamus were entirely without foundation, we imposed no sanction in that proceeding.
 
 
 3
 Lysiak has yet another appeal pending in this Court, and this one is frivolous as well. In Lysiak v. Commissioner of Internal Revenue, et al., Case No. 86-2454, Lysiak appeals an order of the district court dismissing his complaint for injunctive relief against officials of the Internal Revenue Service and the United States Tax Court. In this lawsuit Lysiak seeks no less than to restrain those officials from enforcing the federal tax laws. In this Court and in the court below, Lysiak claims that the government is without power to tax him because the 16th Amendment to the United States Constitution was never properly ratified, an argument that this court has repeatedly rejected. See United States v. Ferguson, 793 F.2d 828, 831 (7th Cir.1986); United States v. Thomas, 788 F.2d 1250, 1253-1254 (7th Cir.1986); United States v. Foster, 789 F.2d 457, 462-463 (7th Cir.1986). Although we suggested in Foster that this claim might be cognizable if "an exceptionally strong showing of unconstitutional ratification" were made, 789 F.2d at 463, Lysiak, like Foster and Thomas and Ferguson before him, has not even approached such a showing. Lysiak has now filed his brief in No. 86-2454, and it provides no reason to disturb the district court's decision. We will therefore affirm that judgment.
 
 
 4
 Because we find the arguments raised in No. 86-2454 to be frivolous, we are tempted to impose an additional penalty under Rule 38. We are concerned, however, that the pattern of baseless litigation generated by Lysiak, even after prior sanction, demonstrates that it would be fruitless simply to impose an additional monetary penalty. (In fact, the rehearing petition he has tendered in No. 86-1371 is primarily a rehash of prior frivolous arguments and offers no new assertions of any significance.) We know nothing of Lysiak's financial status, but he has not indicated that he is financially unable to pay the penalty we assessed. We are convinced that the mere imposition of further financial penalties will not adequately protect this Court or Lysiak's opponents from his abusive litigating. See Coleman v. Commissioner of Internal Revenue, 791 F.2d 68, 72 (7th Cir.1986) (discussing purposes behind sanctions for frivolous litigation). Additional action on our part is warranted.
 
 
 5
 A court faced with a litigant engaged in a pattern of frivolous litigation has the authority to implement a remedy that may include restrictions on that litigant's access to the court. See generally In Re Urban, 768 F.2d 1497, 1500 (D.C.Cir.1985); Green v. Warden, U.S. Penitentiary, 699 F.2d 364 (7th Cir.1983). In fashioning such a remedy in Lysiak's case we act on our "obligation to protect and preserve the sound and orderly administration of justice," In Re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir.1984). At the same time we must take care to protect Lysiak's undeniable right of access to the court's processes, see In Re Green, 598 F.2d 1126, 1127 (8th Cir.1979) (en banc ).
 
 
 6
 We also wish to observe that we have not yet given up on the efficacy of monetary sanctions, and will continue to impose them on Lysiak where circumstances warrant. Obviously monetary penalties are bound to be more effective if they are paid; accordingly the injunctive order entered below will remain in effect until Lysiak demonstrates that he has paid the penalty assessed against him in No. 86-1371. We are confident that the orders set forth below will allow us to avoid additional waste of the Court's and opposing lawyers' time and resources while allowing Lysiak access to this Court in the event that he presents a colorable claim.
 
 
 7
 ACCORDINGLY Lysiak's motion for leave to file a late petition for rehearing in No. 86-1371 is DENIED on grounds that the tendered petition lacks arguable merit. The district court's judgment in No. 86-2454 is AFFIRMED. The mandate in both those appeals shall issue forthwith. The clerk of this Court shall accept no further filings from Lysiak in either of these appeals.
 
 
 8
 IT IS FURTHER ORDERED that the following procedures shall, until such time as the Court may order otherwise, govern any appeals in this Court filed by Gerald Lysiak:
 
 
 9
 1. Upon receipt of the short record from a lower court clerk in any appeal filed by Gerald Lysiak, the clerk of this Court shall immediately issue an order holding all briefing in abeyance and directing that Lysiak file a petition for leave to appeal within 14 days of the date thereof.
 
 
 10
 2. In seeking leave to proceed on appeal Lysiak shall certify that his appeal is taken in good faith and that the claims he raises are not frivolous, and that they have not been raised and disposed of on the merits by this Court in previous appeals. He shall also attach a list of the issues he seeks to raise in the appeal. Failure to file this petition in complete form or within the 14-day deadline will be sufficient ground for denial of leave to appeal.
 
 
 11
 3. Upon timely receipt of a complete petition for leave to appeal, the Court shall direct the clerk of the appropriate lower court to transmit the full record of the underlying case. No further proceedings shall take place in this Court, nor shall any other filings be accepted, until a panel of three judges has reviewed the petition and the record to determine whether Lysiak's appeal presents a colorable claim.
 
 
 12
 IT IS SO ORDERED.