**UNITED STATES of America, Plaintiff,**

v.

**Mark SATO and Laura Sato, Defendants.**

**No. 88 C 6487.**

United States District Court, N.D. Illinois, E.D.

Jan. 4, 1989.

William Clabault, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Mark & Laura Sato, Lincolnwood, Ill., pro se.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

### I. INTRODUCTION

This is an action brought by the federal government to reduce tax assessments to

judgment. The case is currently before the Court on defendants' motions to dismiss.

Defendants originally delivered their motions to the Court on August 12, 1988. On September 16, 1988, the Court noted that defendants had not set a date for presentment of their motions before the Court. The Court also noted that each motion was accompanied by a notice of filing which stated:

> Said Motion is not filed for hearing before any judge under the jurisdiction or influence of the United States Court of Appeals for the Seventh Circuit, but is rather submitted for the sole purpose of providing a responsive pleading in the nature of a special appearance to the complaint in this case.

Because the motions were not presented for hearing, the Court stated that it would take no action on them. On September 29, 1988, the court ordered defendants to answer or otherwise plead by October 7, 1988. Defendants then noticed their previously filed motions for presentment, and the Court set a briefing schedule on October 13, 1988.

On December 15, 1988, after the conclusion of the briefing period, defendants delivered to the Court a motion for an evidentiary hearing and offer of proof. That motion was not noticed for hearing. General Rule 12(i) of the Rules of the United States District Court for the Northern District of Illinois, which became effective on October 3, 1988, provides:

> Where the moving party, or if the party is represented by counsel, counsel for the moving party, delivers a motion for which no date of presentment is set and fails to serve notice of a date of presentment within ten days of delivering the copy of the motion to the Court as provided by section (e) of this Rule, the Court may on its own initiative deny the motion.

Because defendants have not served notice of a date of presentment, the Court denies their motion for an evidentiary hearing.[1]

---

**1.** Defendants are not unaware of the rules and procedures followed by this Court. On two occasions, the Court has stricken briefs of over sixty pages pursuant to General Rule 9(d), which limits briefs to fifteen pages. The Court also brought General Rule 12(i) to defendants' attention on December 7, 1988, when it granted defendants' motion for an extension of time to

## II. EXCLUSIVE LEGISLATIVE JURISDICTION

■ Defendant's first motion is styled "motion to dismiss for lack of exclusive legislative jurisdiction." This motion is premised on Article I, Section 8, Clause 17 of the United States Constitution, which provides:

> [The Congress shall have the power] [t]o exercise exclusive legislation in all cases whatsoever, over such district (not exceeding ten miles square) as may, by cession of particular States, and the acceptance of Congress, become the seat of the government of the United States, and to exercise like authority over all places purchased by the consent of the Legislature of the State in which the same shall be, for the erection of forts, magazines, arsenals, dockyards, and other needful buildings.

Defendants argue that Clause 17 limits the legislative power of Congress such that the only geographical areas over which Congress may legislate, or may exercise its power of taxation, are those areas described in Clause 17. This position is contrary to both the natural reading of the Constitution and the case law. Clause 17 limits not the power of Congress, but the power of the states. "[T]he word 'exclusive' was employed to eliminate any possibility that the legislative power of Congress over the District [of Columbia] was to be concurrent with that of the ceding states." *District of Columbia v. John R.*

*Thompson Co.*, 346 U.S. 100, 109, 73 S.Ct. 1007, 1012, 97 L.Ed. 1480 (1953). *See also Paul v. United States*, 371 U.S. 245, 263, 83 S.Ct. 426, 437, 9 L.Ed.2d 292 (1963); *Black Hills Power and Light Co. v. Weinberger*, 808 F.2d 665, 668 (8th Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 73, 98 L.Ed.2d 36 (1987). Similarly, it is clear that the power of the Congress to collect taxes, created by Article I, Section 8, Clause 1 of the Constitution,[2] is an independent power which is not limited by the other specific powers enumerated in Section 8. *United States v. Butler*, 297 U.S. 1, 65–66, 56 S.Ct. 312, 319, 80 L.Ed. 477 (1936). It is thus readily apparent that Congress' power to tax extends beyond the exclusive legislative districts contemplated by Clause 17. Defendants' motion to dismiss based on Clause 17 is denied.

## III. PERSONAL JURISDICTION

Defendants' motion to dismiss for lack of personal jurisdiction raises the following argument:

> Plaintiff cannot obtain jurisdiction by mail because, as shown by Defendant's [sic] concurrent Motion to Dismiss for Lack of Exclusive Jurisdiction, incorporated herein by reference, Plaintiff had no authority to seek to initiate this litigation and had no authority to seek to initiate this litigation and had no authority to seek to attach Defendants by personal jurisdiction.

---

file reply briefs despite defendants' failure to set a date of presentment.

At the outset of this case, the Court stated as follows:

> The Court notes that defendants are, at this time, proceeding *pro se*. Accordingly, the Court will ensure that defendants' claims are given fair and meaningful consideration and will liberally construe their pleadings. *See Childs v. Duckworth*, 705 F.2d 915, 922 (7th Cir.1983). However, *pro se* litigants are not excused from compliance with substantive and procedural law. *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir.1986). They must follow the same rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987).

(Minute Order, September 16, 1988). Although the Court will allow *pro se* litigants some leeway, it will not permit defendants, in this case

in particular, to continue to flout the Court's procedures where the failure to comply with those procedures appears to be the result not of ignorance but of a deliberate attempt to abuse the court system.

The Court also notes that even if defendants had set a date of presentment, their motion for an evidentiary hearing would likely have been denied due to their failure to present grounds for concluding that such a hearing would affect the disposition of their motions to dismiss.

**2.** "[The Congress shall have the power] [t]o lay and collect taxes, duties, imposts, and excises, to pay the debts and provide for the common defense and general welfare of the United States; but all duties, imposts, and excises shall be uniform throughout the United States." Art I, Sec. 8, Cl. 1.

This argument is rejected for the reasons stated above with respect to exclusive legislative jurisdiction. Defendants' motion to dismiss for lack of personal jurisdiction is denied.

## IV. SUBJECT MATTER JURISDICTION

█ Defendants' motion to dismiss for lack of subject matter jurisdiction is premised on the purported invalidity of the Sixteenth Amendment to the United States Constitution. As defendants recognize, the validity of the Sixteenth Amendment has been upheld repeatedly. *See, e.g., Lysiak v. Commissioner of Internal Revenue,* 816 F.2d 311, 312 (7th Cir.1987); *United States v. Ferguson,* 793 F.2d 828, 831 (7th Cir.), *cert. denied,* 479 U.S. 933, 107 S.Ct. 406, 93 L.Ed.2d 358 (1986); *United States v. Foster,* 789 F.2d 457, 462–63 (7th Cir.), *cert. denied,* 479 U.S. 883, 107 S.Ct. 273, 93 L.Ed.2d 249 (1986); *United States v. Thomas,* 788 F.2d 1250, 1253–54 (7th Cir.), *cert. denied,* 479 U.S. 853, 107 S.Ct. 187, 93 L.Ed.2d 121 (1986). Defendants argue that these cases are not controlling because they were decided without the benefit of the research compiled in W. Benson & M. Beckman, *The Law That Never Was* (1985), and because they were decided fraudulently.

First, it simply is not true that *The Law That Never Was* was not presented to the Seventh Circuit. The Seventh Circuit noted that the information compiled in *The Law That Never Was* has been known since 1913, and the court found that it presented no grounds for invalidating the Sixteenth Amendment. *Thomas,* 788 F.2d at 1253. Defendants argue that the Seventh Circuit never faced the issue of fraud by public officials in the amendment's ratification process. Defendants' arguments of fraud are conclusory at best, but the Court finds it unnecessary to explore them in further detail or accept any evidence with respect to them. As the Seventh Circuit has stated, "the Sixteenth Amendment has been in existence for 73 years and has been applied by the Supreme Court in countless cases. While this alone is not sufficient to bar judicial inquiry, it is very persuasive on the question of validity." *Foster,* 789 F.2d at 462. This Court is not inclined to revisit the amendment's validity at this time in the absence of the *most compelling* reasons. Defendants' arguments concerning *The Law That Never Was* do not constitute such compelling reasons.

Defendants also make conclusory allegations that the Seventh Circuit cases concerning the Sixteenth Amendment were decided fraudulently. It is unclear exactly what defendants mean by this, although they make some reference to misconduct by the taxpayers' counsel in those cases. Defendants also request a hearing on this charge. Defendants have made no showing of fraud, nor have they made any showing that a hearing would provide grounds for determining that the Seventh Circuit cases were decided fraudulently. Defendants' motion to dismiss for lack of subject matter jurisdiction and request for a hearing are therefore denied.

## V. ASSESSMENT

Defendants' final motion to dismiss alleges that there is no valid federal tax assessment. In response, the government has produced certified copies of the commissioner's assessment. Defendants thus have no basis for arguing, as they do, that the assessment certificate is a "phantom." Defendants' motion to dismiss for lack of a valid assessment is denied.

## VI. CONCLUSION

Defendants' motions to dismiss for lack of exclusive legislative jurisdiction, lack of personal jurisdiction, lack of subject matter jurisdiction, and lack of valid assessment are denied. Defendants are to answer the complaint within twenty days of entry of this order. A discovery cut-off date is set for April 17, 1989.