T.C. Memo. 2005-21

UNITED STATES TAX COURT

WHISTLE B. CURRIER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16339-04.                    Filed February 9, 2005.

Whistle B. Currier, pro se.

<u>George W. Bezold</u>, for respondent.

MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  This case is before the Court on respondent's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted filed pursuant to Rule 40.[1] Petitioner did not file a Federal income tax return for the taxable year 2002.  Respondent determined a deficiency of $3,469

_____

[1]    All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the year in issue.

in petitioner's 2002 Federal income tax and additions to tax under sections 6651(a)(1) and 6654(a) in the respective amounts of \$1,006.01 and \$115.92. The taxable income upon which the notice of deficiency is predicated was derived from third-party reporting forms. Petitioner filed a timely petition in which he sets out a farrago of nonsense as to why the notice of deficiency is invalid and he does not owe the tax determined. At the time the petition was filed petitioner resided in West Allis, Wisconsin.

Respondent's motion to dismiss was filed on October 7, 2004. On October 12, 2004, the Court ordered that petitioner file an amended petition "in which he sets forth with specificity each error he alleges was made in the determination of the deficiency and separate statements of every fact upon which petitioner bases the assignment of each error." See Rule 34. The Court also set respondent's motion for hearing at the Trial Session of December 13, 2004, in Milwaukee, Wisconsin. Rather than complying with the Court's Order of October 12, 2004, petitioner filed a document that contained the same nonsense.

When this case was called from the calendar petitioner was told that he had not complied with the Court's Order and that his arguments were frivolous and without merit. See, e.g., Coleman v. Commissioner, 791 F.2d 68 (7th Cir. 1986); Rowlee v.

<u>Commissioner</u>, 80 T.C. 1111 (1983); see also <u>Lysiak v.</u>
<u>Commissioner</u>, 816 F.2d 311 (7th Cir. 1987).

The Court further warned petitioner that, if he persisted, damages would be imposed under section 6673.  Section 6673(a) provides that, if the Court determines that proceedings are maintained by a taxpayer primarily for delay or the position of a taxpayer is groundless or frivolous, the Court may award a penalty to the United States in an amount not in excess of $25,000.

At the hearing, petitioner maintained the course that he had charted in his petition.  Accordingly, respondent's motion to dismiss for failure to state a claim will be granted. Furthermore, petitioner's arguments advanced here are frivolous, and we award a penalty to the United States of $2,000 under section 6673.  See <u>Coleman v. Commissioner</u>, <u>supra</u> at 71.

<u>An appropriate order of</u>
<u>dismissal and decision will be</u>
<u>entered.</u>