**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jane R. FERGUSON,**
**Defendant-Appellant.**

**No. 85–1688.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 3, 1985.
Decided June 12, 1986.

Lowell H. Becraft, Jr., Huntsville, Ala., for defendant-appellant.

Roger L. Duncan, Asst. U.S. Atty., John D. Tinder, U.S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before: EASTERBROOK, Circuit Judge, ESCHBACH, Senior Circuit Judge, and GRANT, Senior District Judge.*

GRANT, Senior District Judge.

Defendant-appellant challenges her conviction, after a bench trial, on three counts of failure to file a tax return in violation of 26 U.S.C. § 7203, on two counts of supplying false and fraudulent statements claiming to be exempt from federal income taxes in violation of 26 U.S.C. § 7205(a), and on three counts of making false claims for income tax refunds in violation of 18 U.S.C. § 287. Defendant-appellant received one year's imprisonment for one of the false claim for refund counts and a fine of

---

* The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

$5,000. The district court, 615 F.Supp. 8, suspended sentencing on the remaining false claim for refund counts and placed defendant-appellant on probation for five years. Defendant-appellant received a sentence of one year's imprisonment on each of the failure to file counts to run concurrently with the other one year's sentence. The district court also ordered defendant-appellant to pay all federal and state taxes due and owing.

On appeal, defendant-appellant contends that she did not act willfully when violating the Internal Revenue Code, and that she did not know her refund claims were false. She also asserts that the Government may not legally tax income because the sixteenth amendment was never properly ratified. We affirm her conviction.

### Facts

Defendant-appellant, Ferguson, and Charles M. Ferguson filed joint income tax returns for the years 1977, 1978 and 1979. During 1980, 1981 and 1982, Ferguson worked for the Delco-Remy Division of General Motors Corporation and received taxable income. In each of those years, her employer withheld for federal income tax purposes a portion of the total tax owed to the Internal Revenue Service [hereinafter referred to as IRS]. Because Ferguson failed to file income tax returns for 1980, 1981 and 1982, she never paid the tax owed above the amount which was withheld.

In lieu of the returns she ought to have filed, Ferguson sent the IRS Affidavits of Revocation. Each Affidavit stated that she had mistakenly submitted herself to the jurisdiction of the IRS and that, after extensive research and consultation with counsel, she had found that she was not required to pay tax or file returns. The documents also denied that the IRS or any governmental agency had jurisdiction over her with respect to the filing or payment of taxes. The documents concluded that Ferguson was not and is not required to file returns or pay taxes.

On January 8, 1981, the IRS received a "Eugene J. May"[1] copyrighted 1040X form from Ferguson. A 1040X form is an Amended United States Individual Income Tax Return. In sum, the "Eugene J. May" 1040X form stated that wages are not income and it sought a refund for taxes paid by Ferguson in 1979 in the amount of $10,165. Ferguson also sought refunds of the taxes withheld by Delco-Remy in 1980 and 1981 by filing IRS forms 843. On these forms, she stated that the amount of tax collected in the corresponding years "was collected illegally/erroneously as an income tax. Said tax is an excise tax and is not owed to the Internal Revenue Service." Form 843, Government Exhibits 7 and 8.

In 1980, 1981, 1982 and 1983, Ferguson filed W-4 forms, Employee's Withholding Allowance Certificates, which stated that she was exempt from taxes. In December 1982, Ferguson wrote the IRS to clarify their "misunderstanding" about her exempt status. The letter contended that the income tax is voluntary and that wages are not income. The letter stressed that Ferguson would no longer consider the Internal Revenue Code legal because it was not properly enacted.

### I.

◼◼◼ 26 U.S.C. §§ 7203 and 7205 require that a defendant act willfully when

---

1. Privately printed and distributed, the "Eugene J. May" form closely resembles official IRS forms. "Eugene J. May" forms, however, contain margin and line captions differing from those found on standard IRS forms. In general these changes reflect May's groundless assertion that "money received as a result of labor is not income within the meaning of the Sixteenth Amendment to the United States Constitution or the Internal Revenue Code." *United States v. May,* 555 F.Supp. 1008, 1009 (E.D.Mich.1983).

Such forms have become a familiar phenomenon in tax protester cases. *See Weller v. Commissioner,* 1985 Tax Ct.Mem.Dec. (P–H) ¶ 85,387 (Aug. 5, 1985); *see also Unroe v. Commissioner,* 1985 Tax Ct.Mem.Dec. (P–H) ¶ 85,149 (Mar. 27, 1985); *Franklin v. Commissioner,* [1984] 53 Tax Ct.Mem.Dec. (P–H) ¶ 84,287 (May 24, 1984). The IRS was granted an injunction enjoining May from distributing forms which differ in any respect from the official 1040 form. *May,* 555 F.Supp. 1008.

violating their provisions. " 'Willful in the tax crime statutes means a voluntary, intentional violation of a known legal duty....' " *United States v. Green,* 757 F.2d 116, 123 (7th Cir.1985) (quoting *United States v. Pomponio,* 429 U.S. 10, 13, 97 S.Ct. 22, 24, 50 L.Ed.2d 12 (1976)); *see United States v. Quilty,* 541 F.2d 172, 176 (7th Cir.1976). The Government need not show bad faith on the part of a defendant under the tax crime statutes. *Green,* 757 F.2d at 123. The Government may show willfulness by presenting a defendant's properly filed income tax returns or W–4 forms from prior years. *United States v. Serlin,* 707 F.2d 953, 959 (7th Cir.1983); *United States v. Moore,* 627 F.2d 830, 832 (7th Cir.1980), *cert. denied,* 450 U.S. 916, 101 S.Ct. 1360, 67 L.Ed.2d 342 (1981). In the instant case, the Government introduced such evidence and it establishes Ferguson's knowledge of her duty to file proper income tax returns and W–4 forms. Ferguson's Affidavits of Revocation stated that Ferguson is not required to file income tax forms or to pay taxes. This shows her intent to violate her duty to file. Ferguson's December 1982 letter to the IRS stated that income is not wages and that she would continue to file exempt W–4 forms. This shows her intent to file the false and fraudulent withholding forms. We conclude that the Government established Ferguson's willfulness.

## II.

■ Under 18 U.S.C. § 287, the Government must prove that a defendant made a claim upon the United States knowing that the claim was false. The Government need not prove that the defendant acted "willfully." *United States v. Blecker,* 657 F.2d 629, 634 (4th Cir.1981) (§ 287 does not require a showing of specific intent to defraud the government), *cert. denied,* 454 U.S. 1150, 102 S.Ct. 1016, 71 L.Ed.2d 304 (1982); *United States v. Irwin,* 654 F.2d 671, 680–82 (10th Cir.1981), *cert. denied,* 455 U.S. 1016, 102 S.Ct. 1709, 72 L.Ed.2d 133 (1982).

■ Ferguson filed a "Eugene J. May" 1040X form seeking a refund of the taxes she paid in 1979 and submitted form 843 claims for refunds for taxes withheld by her employer during 1980 and 1981. These forms on their faces demonstrate Ferguson's knowledge of the falsity of her claims. First, the "Eugene J. May" form reflects the filer's efforts to gain a refund through her groundless interpretation of the tax laws. *See* discussion, *supra,* note 1. Second, the claims on form 843 state that the tax collected in 1980 and 1981 was an excise tax which was not owed. During the years in question, the law did not require Ferguson to pay an excise tax. The taxes levied upon Ferguson during 1980 and 1981 clearly constituted an income tax authorized by the sixteenth amendment to the constitution. Because her characterization was patently false and utterly groundless, she violated 18 U.S.C. § 287.

## III.

■ Ferguson invites our review of the validity of the ratification of the sixteenth amendment. Two recent panels of this Court have considered the arguments and evidence presented by Ferguson in the instant appeal. *See United States v. Thomas,* 788 F.2d 1250, 1253 (7th Cir.1986); *United States v. Foster,* 789 F.2d 457, 461–63 (7th Cir.1986). Because those two opinions analyze Ferguson's present claim and find it to be lacking, we, for the reasons stated in *Thomas* and *Foster,* reject Ferguson's contention that the amendment was improperly ratified.

### *Conclusion*

This Court AFFIRMS Ferguson's conviction.