ORVELLE LEE BROWN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket No. 22644-86.
United States Tax Court
T.C. Memo 1987-78; 1987 Tax Ct. Memo LEXIS 74; 53 T.C.M. (CCH) 94; T.C.M. (RIA) 87078; February 9, 1987. Orvelle Lee Brown, for the petitioner. Luanne S. DiMauro, for the respondent. POWELL
MEMORANDUM FINDINGS OF FACT AND OPINION POWELL, Special Trial Judge:[1] By a notice of deficiency dated March 25, 1986, respondent determined deficiencies in Federal income tax and additions to tax as follows: Additions to tax
Year
Tax
§ 6651(a)(1) [2]
§ 6653(a)(1) [3]
§ 6654(a)
1982
$4,752.00
$1,188.00
$237.60
$418.15
1983
5,333.00
1,333.25
266.65
298.61
On June 24, 1986, petitioner filed a petition with this Court in which he alleges simply that respondent's *75 determinations were incorrect because wages are not income and petitioner was not required to file returns. While the petition alleges that respondent "failed to consider all deductions or credits," there are no specific factual allegations of the nature of these deductions and credits. The petitioner resided in Chicago, Illinois, at the time of filing his petition. On August 22, 1986, respondent filed motions to dismiss for failure to state a claim and for damages. On September 26, 1986, petitioner filed an objection in which he alleges that the burden of proof is on respondent. By order dated October 10, 1986, we held respondent's motion to dismiss in abeyance and ordered that petitioner *76 file a proper amended petition on or before November 15, 1986. In the attached memorandum sur order we told petitioner that his arguments were frivolous and that his petition failed to comply with our rules. Nonetheless, we afforded petitioner the opportunity to file an amended petition; we cautioned, however, that, unless a proper petition were filed, we would grant respondent's motion to dismiss and would consider whether damages should be awarded under section 6673. Petitioner has awarded our patience with an "amended petition" that contains another diatribe of tax-protestor gibberish -- viz the Sixteenth Amendment was not lawfully ratified. Accompanying the "amended petition" are five documents: Book No. 1 Various Letters and Reports by Sec. of States and Solicitor; Ratification and Rejection of 16th Amendment -- Alabama through Massachusetts. This assortment of documents also contains a letter to one William J. Benson from Andrew B. Spiegel, purportedly an attorney at law, in which Spiegel takes the position that the Sixteenth Amendment "was never properly ratified." The second and third documents are books by William J. Benson entitled The Law That Never Was
*77 (Vol. I and Vol. II). The gravamen of the author's conclusion is that in spite of numerous cases upholding the Sixteenth Amendment, it, nonetheless, is not the law of the land. We also were treated to a brief allegedly filed by Spiegel in "The United States Court of Public Opinion." It was a great surprise to discover that the gravamen of this document also attacked the Sixteenth Amendment. Finally, we were exposed to what appears to be a form pleading entitled "Notice of Fraud and Demand for Redress." Again the gist of this document is that the Sixteenth Amendment is void. We also are informed in this document that we can obtain a copy of The Law that Never Was by sending $23 to Mr. Benson. We will eschew that invitation. While this Court has not discussed the collective wisdom of the reasoning of Messrs. Benson and Spiegel in an opinion, the Seventh Circuit, to which an appeal lies here, has considered and totally rejected any validity to their conclusion. United States v. Thomas,788 F.2d 1250 (7th Cir. 1986); United States v. Foster,789 F.2d 457 (7th Cir. 1986); United States v. Ferguson,793 F.2d 828 (7th Cir. 1986). *78 See also United States v. Stahl,792 F.2d 1438 (9th Cir. 1986). Accordingly, we find no reason to discuss the issue further except to warn other taxpayers that they will fare no better than petitioner here. See Coleman v. Commissioner,791 F.2d 68, 72 (7th Cir. 1986), affg. a Memorandum Opinion of this Court. Respondent's motion to dismiss will be granted. In this regard, respondent moves for damages under section 6673. That section provides that "[w]henever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in the amount out in excess of $5,000 shall be awarded to the United States * * *." In our memorandum sur order of October 10, 1986, we warned petitioner that, unless a proper amended petition were filed, we would consider whether damages should be awarded. The Seventh Circuit has stated that the test for whether the grounds urged by a taxpayer are frivolous or groundless is an objective test -- viz whether petitioner should have known that his pleadings raised frivolous issues. *79 Coleman v. Commissioner,791 F.2d at 71-72. We have no question that the farrago of nonsense in petitioner's pleadings is frivolous, nor do we have the slightest reservation that petitioner clearly should have known that it was frivolous. While this Court may not have addressed The Law That Never Was, etc. in an opinion, other courts, including the Seventh Circuit, clearly have. Thus, even if a pro se litigant might have found some facial validity to the conclusions reached by Messrs. Benson and Spiegel (a point that we are willing to assume, but frankly find incredulous), a modicum of research would have directed a different course of action. [4] Accordingly, we award damages in the amount of $5,000. An order and decision will be entered.
Footnotes
1. This case was assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556) and Rule 180 et seq. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended, and as in effect during the years in issue. ↩
3. In addition respondent determined additions to tax under section 6653(a)(2) in the amount of 50 percent of the interest due on the respective underpayments of $4,752 and $5,333.↩
4. The Seventh Circuit's views were published months before the amended petition was filed.↩