In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-3515

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

EUGENE CLARKE, also known as
Imhotep Bey, also known as Eugene
Clark, Jr.,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:13-cr-00139-RL-JEM-1 — **Rudy Lozano**, *Judge.*

ARGUED MAY 28, 2015 — DECIDED SEPTEMBER 8, 2015

Before BAUER, EASTERBROOK, and RIPPLE, *Circuit Judges.*

BAUER, *Circuit Judge.* On June 2 and 3, 2014, defendant-appellant, Eugene Clarke, stood trial for seven counts of filing a false claim with the United States in violation of 18 U.S.C. § 287. At the close of the government's evidence, Clarke moved for judgment of acquittal under Federal Rule of Criminal Procedure 29, arguing that the government failed to present

any evidence that he knew the claims he presented were false. The district court denied the motion. Clarke also requested a jury instruction on good faith, which the district court also denied. The jury ultimately convicted him on all counts. Clarke now appeals his conviction, as well as the district court's ruling on the jury instruction.

## I. BACKGROUND

In August 2009, Clarke submitted federal tax returns for the "Eugene Clarke Trust" for tax years 2006, 2007, and 2008. Each return claimed that the trust had received $900,000 in income and expended $900,000 in fiduciary fees, but did not identify a particular source for the income. Each return further reported that $300,000 of federal tax had been withheld and paid over to the Internal Revenue Service ("IRS"), and each therefore requested $300,000 in refunds. Clarke identified the trust's fiduciary as "Timothy F. Geither" (an apparent misspelling of the name of then-Secretary of the Treasury, Timothy Geithner), which raised a red flag at the IRS regarding the legitimacy of the returns. As a result, the IRS notified Clarke that the returns were considered frivolous and would not be processed. Undeterred, Clarke resubmitted the returns for years 2006, 2007, and 2008 in December 2009. The returns again asked that the "Eugene Clarke Trust" be refunded $300,000 for each year, but did not name "Geither" as the fiduciary of the trust. Astonishingly, the IRS processed all three returns and mailed Clarke three $300,000 checks on January 5, 2010.

Four days after receiving the checks, Clarke attempted to cash one of them at PLS Check Cashers in Gary, Indiana. Suspicious of the validity of the check, district manager

Stephen Eyabi questioned Clarke about how he obtained it. Clarke explained that the check was given to him out of a trust fund from his deceased father. Eyabi then gave Clarke a partial payment of $2,500 with the understanding that Clarke would receive the remaining amount after the check cleared (less the 5-10% check cashing fee).

Before the check cleared, Clarke returned the $2,500 and took the check back. On January 12, 2010, Clarke opened a bank account with Harris Bank and deposited one of the $300,000 checks. He deposited the second check into the account on January 13, 2010, and the third on February 24, 2010. Within months of depositing the checks, Clarke spent all of the funds.

It was not until 2013 that Clarke was indicted in connection with the three fraudulent refunds. On November 21, 2013, Clarke was charged with a total of seven counts of presenting false claims to the United States through the IRS.

Clarke pleaded not guilty to the charges against him and the case proceeded to trial. The government put on three witnesses. Kristy Morgan, a Court Witness Coordinator for the IRS, testified regarding the IRS's process for examining tax returns. She also testified that whoever signed a tax return form was declaring that the return contained information that was true and correct. Gerard Hatagan, a Revenue Agent for the IRS, testified that although a trust could be drawn up and not funded, as was Clarke's alleged fund, Clarke's return lacked some degree of economic reality. Lastly, Stephen Eyabi, the district manager of the check cashing company where Clarke tried to cash his first $300,000 check, testified that Clarke told

him that he came to possess the check because of "a trust fund because his dad had passed."

At the close of the government's evidence, Clarke moved for acquittal pursuant to Rule 29, arguing that the government had not proven one of the elements of the offense—that the defendant knew the claim was false. The district court denied Clarke's motion for acquittal, on the ground that there was sufficient evidence from which a jury could reasonably find Clarke guilty on all counts.

After the parties rested, the district court distributed the proposed jury instructions, which did not include a good faith instruction that Clarke had requested prior to trial.[1] Objecting to the omission, Clarke argued that the instruction complemented the instruction on the elements of an 18 U.S.C. § 287 offense. When asked whether he presented any evidence of good faith, Clarke responded that it was the government's burden to prove there was no good faith. The government disagreed and argued that the good faith instruction submitted related to willfulness, which is not an element of a § 287 offense. The district court denied the instruction and gave the following instruction instead:

> A person acts knowingly if he realizes what he is
> doing and is aware of the nature of his conduct, and

---

[1]   Clarke had argued that the instruction was appropriate because he had a good faith belief that the government owed him the money he received. Though barred from trial pursuant to the government's motion in limine, a pretrial psychiatric report explained that Clarke was of the belief that the United States is a business front designed to regulate commerce and has established bank accounts in the names of its citizens.

does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

Thereafter, the jury convicted Clarke on all counts.

## II. DISCUSSION

Clarke raises two challenges on appeal. First, he argues that the district court erred in denying his motion for judgment of acquittal because the government failed to present any evidence of an essential element of the charges against him. Second, he argues that the district court erred in rejecting his good faith jury instruction. We review each argument in turn.

### A. Sufficiency of the Evidence

Clarke first argues that the district court erred when it denied his motion for judgment of acquittal. We review a district court's decision to deny a motion for judgment of acquittal *de novo*. *United States v. Westerfield*, 714 F.3d 480, 484 (7th Cir. 2013). "In considering challenges to the sufficiency of the evidence, we 'view the evidence in the light most favorable to the prosecution,' and then 'ask whether any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt.'" *United States v. Foley*, 740 F.3d 1079, 1082–83 (7th Cir. 2014) (quoting *United States v. Boender*, 649 F.3d 650, 654 (7th Cir. 2011)). We will overturn a guilty verdict only if the record is devoid of evidence from which a reasonable jury could find guilt beyond a reasonable doubt. *United States v. Groves*, 470 F.3d 311, 323 (7th Cir. 2006).

The indictment charged Clarke with violating 18 U.S.C. § 287. The statute provides in pertinent part:

> Whoever makes or presents to any person or officer in the … service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be imprisoned not more than five years and shall be subject to a fine … .

Thus, to convict Clarke, the government bore the burden of proving that (1) Clarke presented claims to the IRS; (2) those claims were false, fictitious, or fraudulent, and (3) Clarke knew the claims were false, fictitious, or fraudulent. *See United States v. Haddon*, 927 F.2d 942, 950–51 (7th Cir. 1991).

Only the third element is in dispute. According to Clarke, the government did not prove that he knew his claim was false because it failed to put forth evidence that Clarke willfully presented false claims. Clarke claims that he had a good faith belief that the money he requested from the IRS belonged to him, and without evidence of willfulness negating that belief, the government cannot meet its burden of proof.

Contrary to Clarke's contention, the government need not prove willfulness in a § 287 case. *United States v. Catton*, 89 F.3d 387, 392 (7th Cir. 1996); *see also United States v. Ferguson*, 793 F.2d 828, 831 (7th Cir. 1986). In *Catton*, we stated "[i]t is implicit in the filing of a knowingly false claim that the claimant intends to defraud the government, and hence unnecessary to charge willfulness separately." 89 F.3d at 392. The government

need only prove that Clarke made a claim upon the United States knowing that the claim was false. *Ferguson*, 793 F.2d at 831.

The government has presented sufficient proof that Clarke knew his claims were false; Clarke's tax returns demonstrate that knowledge on their face. The returns listed $900,000 in income, without identifying how this income was obtained. The fiduciary fees listed on the returns were also in the amount of $900,000, but with no explanation for why a fiduciary, in this case "Timothy F. Geither," would take such a fee. Finally, the returns claimed withholding of $300,000, but no such funds were ever withheld. We have held before that "patently false and utterly groundless" tax return forms were sufficient to demonstrate the defendant's knowledge of the falsity of her claims in violation of 18 U.S.C. § 287. *Ferguson*, 793 F.2d at 831. In *Ferguson*, the defendant filed several forms to the IRS seeking tax refunds for taxes she paid, as well as taxes withheld by her employer. 793 F.2d at 831. We concluded that the "forms on their face demonstrate [the defendant's] knowledge of the falsity of her claims," where the name on one form reflected her efforts to gain a refund through her baseless interpretation of tax laws and where some of the forms reflected a refund for a tax that the defendant was never required to pay. *Id*. Clarke's claims are similarly groundless. Because the information on Clarke's tax returns was "patently false and utterly groundless, *id*., Clarke's forms provide sufficient evidence for a jury to conclude Clarke knew the falsity of his claims.

**B.  Jury Instruction**

Clarke also contends that the district court erred in declining to give his proposed good faith jury instruction. We review a district court's refusal to give a jury instruction for an abuse of discretion. *United States v. Morris*, 576 F.3d 661 (7th Cir. 2009).

A good faith theory is "essentially a claim that the defendant did not act willfully." *United States v. Kokenis*, 662 F.3d 919, 930 (7th Cir. 2011) (citations omitted). An instruction on such a theory is therefore unnecessary where willfulness is not an element of the offense charged. As discussed above, willfulness is not an element of a § 287 claim. *See Catton*, 89 F.3d at 392; *Ferguson*, 793 F.2d at 831. Therefore, Clarke was not entitled to an instruction on good faith and the district court did not abuse its discretion in denying it.

### III. CONCLUSION

For the aforementioned reasons, we AFFIRM the judgment of the district court and Clarke's conviction.