---

**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

---

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 4, 2017
Decided November 13, 2017

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

Nos. 16-3201 & 16-3202

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | Nos. 14-CR-00063-001 & 14-CR-00063-002 |
| GEORGE GASICH and BARBARA GASICH, *Defendants-Appellants*. | Philip P. Simon, *Judge*. |

**O R D E R**

George and Barbara Gasich, husband and wife, both pleaded guilty to one count of making false claims upon the government, 18 U.S.C. § 287, and each was sentenced to three years' imprisonment. After the pleas were accepted they filed two motions to withdraw the pleas, which asserted that their judgments were impaired at the time of pleading and that they did not understand the charges to which they pleaded guilty. The district court denied both motions and the Gasiches now appeal. Because the district court did not abuse its discretion in denying these motions, we affirm.

The Gasiches are tax protestors who have been warring with the IRS for roughly twenty years. They attached to their 2007 income tax returns several falsified 1099-OID forms—forms that are properly used to report income and withholdings from an original issue discount, i.e., interest income from a bond issued for less than its face amount. The Gasiches falsely reported that various entities had withheld income on their behalf and that they were owed $475,000 in refunds. In 2014 a grand jury indicted them on seven counts (four against George and three against Barbara) of making false, fictitious, or fraudulent claims upon the government in violation of 18 U.S.C. § 287.

The Gasiches proceeded pro se through most of the case. At a status hearing less than a week before trial, the Gasiches decided to plead guilty to one count each, without the benefit of plea agreements. Barbara explained that they wanted to plead guilty because they had "come to the realization" that they were charged with a "strict liability" crime. The court accepted the Gasiches' request to appoint their standby counsel to represent them fully and scheduled plea colloquies for that same day, with Barbara's to start first.

At the colloquies, the district court complied with Federal Rule of Criminal Procedure 11 and had both Gasiches confirm they were competent, were knowingly and voluntarily pleading guilty, and were aware of the rights they were giving up. When asked whether she understood the indictment, Barbara reported that she had "just learned" that § 287 is a strict liability offense. The court flagged this as a misconception and listed the three elements of § 287—(1) that the Gasiches made a claim; (2) that the claim was false, fictitious, or fraudulent; and (3) that they knew that the claim was false, fictitious, or fraudulent at the time they made it. Though the Gasiches readily agreed that they understood these elements, the court continued to clarify the point in a methodical dialogue with Barbara that defined the phrases "strict liability" and "mens rea" and explained how those definitions did or did not apply to their case. After this explanation of the law, the Gasiches agreed with the government's statement of the facts: they knowingly had claimed they were entitled to funds that were not withheld in order to get the IRS off their backs for their longstanding tax liabilities. The court then accepted their pleas.

Shortly before their sentencing hearings, the Gasiches (acting pro se again) deluged the court with documents, which the court interpreted collectively as a motion to withdraw their pleas. The Gasiches asserted that they had "no choice but to take the plea" because they were "frightened into giving that plea" or else they would "face the

sure fate of the pending trial." The district court denied the motion, concluding that the Gasiches' fear of facing trial and being convicted did not make the pleas involuntary.

Four days before their rescheduled sentencing hearings, the Gasiches again sought to withdraw their pleas. To support their motion they submitted a psychiatric report by Dr. Stuart Burstein, which concluded that Barbara suffered from major depressive disorder and George from post-traumatic stress disorder (PTSD). Burstein also determined that, at the time they pleaded guilty, both were suffering from symptoms that impaired their judgments. He identified their clashes with the IRS, the arrest, and the prosecution among the causes of their disorders and concluded that they had acquiesced to the judge's questions at the colloquy because of their impairments. The district court held an evidentiary hearing, at which Burstein repeated his findings, before again denying the motion. The court accepted Burstein's medical opinion that the Gasiches experienced stress, anxiety, depression, and PTSD but rejected the inference that these impairments (which it recognized were common to people facing criminal prosecution) rendered the guilty pleas unknowing or involuntary.

On appeal the Gasiches contend that the district judge improperly rejected Burstein's opinions, which should have allowed them to withdraw their pleas. In support they cite *United States v. Hardimon*, 700 F.3d 940, 943–44 (7th Cir. 2012), in which we posited that a judge speaking with a man who thought he was Napoleon "might find his speech lucid and (given the irrational premise) logical, and his affect normal" and therefore incorrectly conclude that the defendant knowingly and voluntarily pleaded guilty. *Id.* at 943. We said, however, that a defendant in such a case would need to "present the affidavit of a qualified psychiatrist" to support a motion to withdraw a guilty plea. *Id.* at 944. Relying on this line in *Hardimon*, the Gasiches argue that they met their burden with Burstein's report and testimony.

But *Hardimon* does not go so far as to hold that a psychiatrist's affidavit alone is enough to warrant withdrawing a guilty plea—the psychiatrist must reveal some material impairment that impeaches the plea's voluntariness. In this case the district court did all it could to assess the Gasiches' argument; it not only considered the report but held a hearing and allowed further briefing. After doing so, the district court concluded that, although the Gasiches were in some distress, neither had impairments tantamount to Napoleonic delusions, and they could be held to their representations at the plea hearings. The Gasiches' proffered evidence did not "negate the colloquy's thoroughness." *United States v. Woodard*, 744 F.3d 488, 496 (7th Cir. 2014). Therefore, the

district court did not clearly err in evaluating Burstein's testimony nor abuse its discretion by concluding that the Gasiches did not meet the "heavy burden of persuasion" necessary to overcome their testimony at their plea hearings and withdraw their guilty pleas. *United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008).

The Gasiches next argue that their guilty pleas were invalid because they did not understand the elements of § 287 when they pleaded guilty. The record contradicts this contention. The Gasiches came in with a misunderstanding that the court quickly recognized and patiently corrected. Even if the Gasiches began their colloquies not fully grasping the elements of the crime, including the required state of mind, there is no reason to suspect that the confusion persisted after the district court's extensive explanations. That is the point of the colloquy. Their statements that they understood the charge and agreed to the factual basis offered by the government are subject to a "presumption of verity" and are "not a meaningless act." *United States v. Collins*, 796 F.3d 829, 834 (7th Cir. 2015).

The Gasiches also insist on appeal that they could not knowingly and voluntarily plead guilty without a full understanding of a circuit split about whether 18 U.S.C. § 287 includes an element of willfulness beyond the knowledge requirement. *Compare United States v. Clarke*, 801 F.3d 824, 827 (7th Cir. 2015) ("[T]he government need not prove willfulness in a § 287 case."), *with United States v. Nash*, 175 F.3d 429, 437 (6th Cir. 1999) (finding harmless error in district court's refusal to instruct on a willfulness element in § 287). But the district court had no duty to inform the Gasiches of the split before accepting their pleas. A plea colloquy need not seek "conscious waiver" of every potential defense. *United States v. Broce*, 488 U.S. 563, 573 (1989). And lack of willfulness is no defense at all in this circuit. *Cf. United States v. Ranum*, 96 F.3d 1020, 1025 (7th Cir. 1996) ("[T]he failure to be informed of a *non-existent* legal defense could not, under any circumstances, represent a fair and just reason for withdrawing the plea."). Our determination that § 287 has no willfulness element is as old as the Gasiches' twenty years of quarrels with the United States taxing authority, *see United States v. Catton*, 89 F.3d 387, 392 (7th Cir. 1996) (clarifying that § 287 violation does not require willfulness), and their contention that the district court was required to apprise them of the possibility of changing our position is just as meritless.

AFFIRMED.