NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 20, 2017
Decided November 21, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 16-3904

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 15 CR 159-1 |
| RONALD TAYLOR, *Defendant-Appellant.* | Rebecca R. Pallmeyer, *Judge.* |

**O R D E R**

A jury convicted Ronald Taylor of three counts of presenting false claims to the Internal Revenue Service, *see* 18 U.S.C. § 287, and one count of converting public funds to his own use, *see id.* § 641. The district court sentenced him to a term of imprisonment below the applicable guidelines range. Taylor filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Taylor has not responded to counsel's motion. *See* Cir. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses issues that an appeal of this kind might be expected to involve.

At the outset, we remind counsel of his duty, in an *Anders* submission, to "present those contentions that promote the client's interest." *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). We find it odd that counsel declined to mention any specific issues related to Taylor's sentence or the elements required to convict him under § 287 and § 641, especially since counsel did raise those issues in the district court. Still, our own review reveals that there are no non-frivolous arguments Taylor could bring with respect to either his convictions or his sentence. Counsel's analysis is therefore adequate, so we limit our review to the subjects he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Taylor used a scheme, now familiar to this court, to obtain refunds from "patently false and utterly groundless" tax returns. *See United States v. Clarke*, 801 F.3d 824, 825–28 (7th Cir. 2015). In April 2010, Taylor submitted federal tax returns for the "Ronald Taylor Trust" for tax years 2007, 2008, and 2009. He mailed the returns in a single envelope, using as his return address a P.O. box that he opened in his own name. Each return claimed that the trust had received $900,000 in income and expended $900,000 in fiduciary fees, but did not identify a particular source for the income. Each return further reported that $300,000 of federal tax had been withheld and paid over to the IRS, and each therefore requested $300,000 in refunds. Taylor identified himself as the trust's fiduciary. The IRS processed one of the returns and mailed Taylor a check, to his P.O. box, for $300,000. In June 2010, Taylor opened a bank account in the trust's name and deposited the check. To do so, he submitted documents to the bank showing that the trust had been created, at the earliest, in April 2010—long after the tax years for which he filed the trust's returns. Taylor was indicted in April 2015, after withdrawing the majority of the funds, mostly in the form of cashier's checks made out to himself.

Early in the proceedings, Taylor rejected representation by both a retained lawyer and his court-appointed attorney, and raised numerous challenges to the district court's jurisdiction and other aspects of the proceedings. The court informed Taylor about the advantages of appointed counsel and warned him many times about the risks of proceeding pro se, and then permitted him to represent himself with the court-appointed lawyer acting as standby counsel. Taylor also filed numerous affidavits, both before and after he began proceeding pro se, asserting that his status as a "Moorish national" shielded him from the reach of federal jurisdiction, statutes, and regulations. The district court construed a number of these affidavits as motions to dismiss the indictment for lack of jurisdiction, and denied them. A jury trial followed.

The government's witnesses at trial included the IRS's "court witness coordinator," who explained the IRS's procedure for examining and processing tax returns; an IRS revenue agent, who explained the content of each of the trust returns and Taylor's individual returns for the same tax years; the manager of the mail center where Taylor opened his P.O. box; an employee of the bank where Taylor opened the trust account; and the IRS investigator who examined Taylor's trust returns. Taylor made an opening statement and cross-examined the first two of these witnesses, but allowed standby counsel to take over for the remainder of trial and sentencing.

After the close of the government's case, counsel moved for a directed verdict of not guilty. The district judge entered and continued that motion, and counsel then put on Taylor's defense. Taylor testified on his own behalf. On direct examination he maintained that he acted on the instructions of the "grand sheik" of the Moorish Science Temple, Marcel Walton, who he says prepared and submitted the trust tax returns on his behalf. Taylor testified he did not know what was on the returns when he signed them, but agreed "it was about getting some money." He also acknowledged that he signed the trust documents and personally opened both the P.O. box and the trust's bank account. At the close of the defense's case, counsel moved again for an acquittal, and the district judge again continued the motion.

The jury found Taylor guilty on all four counts. After trial, Taylor filed several more pro se motions and affidavits challenging the district court's jurisdiction, which the district court denied. Counsel filed a written motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29, or, in the alternative, for a new trial under Rule 33. The district judge denied the motion.

Sentencing followed. The district judge sentenced Taylor to four concurrent terms of 24 months' incarceration, below his guidelines range of 37 to 46 months. The judge also ordered the sentence to be followed by 18 months' supervised release and required Taylor to pay $300,000 in restitution to the IRS.

In his *Anders* brief, counsel first considers whether Taylor could challenge the district court's rejection of his many attempts to dismiss the indictment for lack of jurisdiction. Counsel concludes, and we agree, that the district court's jurisdiction over persons who have committed offenses against federal law is incontestable. *See* 18 U.S.C. § 3231; *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011); *United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005).

Counsel next considers whether Taylor could challenge the denial of his motion for acquittal or his request for a new trial. "De novo review applies to the denial of a motion for judgment of acquittal; practically speaking, however, the standard of review is that for sufficiency of the evidence." *United States v. Peterson*, 823 F.3d 1113, 1120 (7th Cir. 2016). So we would consider the evidence "in the light most favorable to the government" and "overturn the jury's verdict only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *Id.* (quoting *United States v. Pribble*, 127 F.3d 583, 590 (7th Cir. 1997)). As to the motion for a new trial, "our task is to determine whether the verdict is so contrary to the weight of evidence that a new trial is required," *United States v. Chambers*, 642 F.3d 588, 592 (7th Cir. 2011), but we would review the denial for abuse of discretion, *see Peterson*, 823 F.3d at 1122.

Under either standard, a challenge to the sufficiency of the evidence would be frivolous. For the three § 287 charges, the government needed to prove (1) that Taylor "presented claims to the IRS," (2) "those claims were false, fictitious, or fraudulent," and (3) Taylor "knew the claims were false, fictitious, or fraudulent." *Clarke*, 801 F.3d at 827. A jury reasonably could find each of these elements from the evidence produced at trial. First, the jury could find that Taylor presented the returns to the IRS, as he testified that he signed the trust tax returns, the returns bear his signature and return address, and he agreed he received the $300,000 tax refund at that same return address. The jury also could find that the trust returns contained false information; based on the trust documents entered into evidence, the trust did not exist until 2010. Thus the trust could not have either owed taxes or earned a refund for tax years 2007 through 2009. The jury also could find that Taylor knew the information was false. He testified that he signed the documents establishing the trust in 2010 and thus must have known it did not exist any earlier. He also did not claim any fiduciary fees on his individual tax returns even though the trust returns said such fees were paid to him. We have held before that such "patently false" information on a tax return—specifically, $900,000 in income with no source listed and $900,000 in unexplained fiduciary fees—itself demonstrates knowledge of falsity. *See id.* at 828. Taylor's testimony, that he did not know what was on the tax returns and did not personally mail them, could be discredited by the jury. *See Pribble*, 127 F.3d at 590 ("We will not reweigh the evidence or invade the jury's province of assessing credibility. . . .") (internal quotation marks and citation omitted).

To meet its burden on the § 641 charge, the government had to prove that Taylor (1) stole, purloined, and knowingly converted, (2) to his own use, (3) money "of the United States." 18 U.S.C. § 641. As shown by the evidence on the § 287 charges, Taylor

knew the information on the trust returns was false; thus he knew he was not entitled to a $300,000 refund. Yet the government showed—and Taylor testified—that he opened a new bank account to deposit the refund and withdrew the funds in cashier's checks made out to himself, thus "converting" the money to his own use. *See United States v. Wilson*, 788 F.3d 1298, 1309 (11th Cir. 2015) (explaining that one can be convicted under § 641 for depositing refunds from falsely filed tax returns). Thus a challenge to this conviction also would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.