**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 6, 2019[*]
Decided February 11, 2019

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 17-3443

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | |
| | No. 15 CR 505 |
| ULRIC JONES, | |
| *Defendant-Appellant*. | John Robert Blakey, |
| | *Judge*. |

**O R D E R**

Ulric Jones sought $840,000 in tax refunds in connection with three fraudulent tax returns he filed on behalf of the "Ulric Jones Trust." The Internal Revenue Service processed one of the refunds and issued a $280,000 check to the trust before realizing that Jones's requests were frivolous. A jury convicted Jones of presenting false claims to

---

[*] After filing the appellant's brief, Jones's attorney was removed from the bar of this court. *See* Order, *Davis v. Anderson*, No. 17-1732 (7th Cir. May 29, 2018). Jones expressly declined to proceed with another attorney, public defender or pro se. We accepted the brief submitted by Jones's former attorney and agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments. FED. R. APP. P. 34(a)(2)(C).

the government, *see* 18 U.S.C. § 287, theft of government funds, *see id.* § 641, and mail fraud, *see id.* § 1341. On appeal, Jones primarily challenges the sufficiency of the evidence. Because Jones's conviction is supported by sufficient evidence, including his own testimony, we affirm.

At Jones's trial, the government submitted tax filings and introduced witness testimony showing that Jones made three false representations to the IRS, and as a result, the IRS mailed him a $280,000 check to which he was not entitled. In tax returns for his trust for 2008 and 2009, Jones attested that the trust had earned $840,000 in income and overpaid $280,000 in taxes. Kristi Morgan, an IRS employee, testified that she searched the trust's tax ID number in the IRS database and saw that the trust had neither earned income nor paid any taxes. Jones and his wife, moreover, had not paid the trust's taxes for the 2009 tax year. After the IRS flagged Jones's 2008 tax return as facially meritless (and requested a correction), Jones submitted an amended filing that reflected the same information as his original return. As a result of Jones's false statements, the IRS sent Jones a $280,000 check; at trial, the government showed that this check bore Jones's endorsement and a deposit stamp.

Jones, for his part, testified that he created the "Ulric Jones Trust" and mailed tax filings requesting refunds for 2008 and 2009 based on his belief that the government owed him money because of his Moorish identity. Many self-described "Moors" believe that they descend from the rightful owners of North America (i.e., that they are sovereign citizens) and that the United States government now owes them payment. *See, e.g., United States v. Walton*, 907 F.3d 548, 550–551 (7th Cir. 2018); *Bey v. State*, 847 F.3d 559, 560–61 (7th Cir. 2017). Jones admitted at trial that he knew his trust had neither earned income nor paid taxes, but testified that he believed filing the returns was the proper avenue to access funds that the government had kept for him in a "bank in Atlanta" since his birth.

After the jury began its deliberations, the court received a question from one juror asking for specific details about the $280,000 check. The question inquired about the source of the funds that the IRS paid to Jones. The court sought input from both parties about how to respond, and then instructed the jury to rely on their "collective memories of the evidence at trial" about the facts of the case and "the court's instructions" about the law.

The jury then found Jones guilty of three counts of presenting false claims to the government, *see* 18 U.S.C. § 287, one count of theft of government funds, *see id.* § 641, and one count of mail fraud, *see id.* § 1341.

On appeal, Jones argues that the government failed to introduce evidence showing that he had the necessary mens rea to support his convictions. Because he believed he was entitled to the money he sought, Jones asserts, he could not have knowingly intended to defraud the IRS.

We agree with the government that the evidence presented at trial, viewed in the light most favorable to the government, shows that Jones had the mens rea to support his convictions. *See United States v. Clarke*, 801 F.3d 824, 827 (7th Cir. 2015). First, to convict Jones for making a false claim to the government, the government had to prove only that he made a false, fictitious, or fraudulent claim to the IRS that he knew was false, fictitious, or fraudulent. *See* 18 U.S.C. § 287; *Clarke*, 801 F.3d at 827. Here, the government pointed to Jones's admissions that he falsely reported trust income to the IRS and knew that his returns were inaccurate. These admissions were corroborated by his tax returns and Morgan's testimony.

Sufficient evidence also supported the conclusion that Jones knowingly converted money "of the United States" to his own use. 18 U.S.C. § 641. The government introduced evidence that Jones knew he was not entitled to the $280,000 he received. His fraudulent returns and Morgan's testimony showed that the trust had neither earned income nor paid taxes in 2008 and 2009. The government, moreover, introduced the check with Jones's signature and a deposit stamp to show that he deposited the funds in a bank account bearing the trust's name. Depositing fraudulently-obtained funds is sufficient to show a violation of § 641. *See United States v. Wilson*, 788 F.3d 1298, 1309 (11th Cir. 2015).

Last, on the mail fraud count, sufficient evidence supported the conclusion that Jones knowingly participated in a scheme with the intent to defraud, and "caused the mails to be used in furtherance" of the scheme. *United States v. Useni*, 516 F.3d 634, 648–49 (7th Cir. 2008); *see* 18 U.S.C. § 1341. Jones admitted to mailing returns that he knew were false with the expectation that his statements would, in turn, lead the IRS to mail him a check to which he was not entitled. (In anticipation of receiving the check, he even obtained a P.O. box.)

Jones finally challenges the court's answer to the jury's question. But a court does not err in instructing the jury to refer to previous instructions as long as "the original jury charge clearly and correctly states the applicable law." *United States v. Durham*, 645 F.3d 883, 894 (7th Cir. 2011). Jones has not disputed the accuracy of the original jury instructions, and we see no error in the court's response. Having sought input from both parties about how he should respond, the court directed the jury to rely on the

original jury instructions—instructions that tracked the Seventh Circuit Pattern Jury Instructions and to which Jones had not objected.

We have considered Jones's remaining arguments but not one has merit.

AFFIRMED