*United States v. Young*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand twenty.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                  19-3674

KAREEM RASHAWN YOUNG,

*Defendant-Appellant*.

---

| For Defendant-Appellant: | JOHN L. PERTICONE, Levene, Gouldin & Thompson, LLP, Vestal, NY. |
|---|---|
| For Appellee: | RAJIT S. DOSANJH (Antoinette T. Bacon, Acting United States Attorney, *on the brief*), Assistant United States Attorney, Northern District of New York, Syracuse, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on November 5, 2019 is **AFFIRMED**.

Defendant-Appellant Kareem Rashawn Young ("Young") appeals from a judgment of conviction entered in the United States District Court for the Northern District of New York (McAvoy, *J.*) after a jury found him guilty of submitting a false claim for a tax refund in violation of 18 U.S.C. § 287. The district court sentenced Young to 36 months' imprisonment and a three-year term of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### A. Sufficiency of the Evidence

We review a defendant's challenge to the sufficiency of the evidence *de novo*. *United States v. Pizzonia*, 577 F.3d 455, 462 (2d Cir. 2009). "A defendant seeking to overturn a jury verdict on sufficiency grounds bears a heavy burden." *United States v. Anderson*, 747 F.3d 51, 59 (2d Cir. 2014) (quotation marks omitted). When assessing a sufficiency challenge to a guilty verdict, we review the evidence presented at trial in the light most supportive of the verdict, resolving all reasonable inferences in favor of the government. *United States v. Griffith*, 284 F.3d 338, 348 (2d Cir. 2002); *Anderson*, 747 F.3d at 60. We must "uphold the conviction 'if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Aguilar*, 585 F.3d 652, 656 (2d Cir. 2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)).

Under 18 U.S.C. § 287, it is unlawful to "make[] or present[] to any person or officer in the . . . service of the United States, or to any department or agency thereof, any claim upon or

against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent." 18 U.S.C. § 287. The scienter requirement for § 287 is "knowledge." *United States v. Precision Med. Labs, Inc.*, 593 F.2d 434, 443 (2d Cir. 1978); *see also United States v. Clarke*, 801 F.3d 824, 827-28 (7th Cir. 2015) (explaining that the government "need not prove willfulness in a § 287 case . . . . The government need only prove that [the defendant] made a claim upon the United States knowing that the claim was false."); *United States v. Hesser*, 800 F.3d 1310, 1320 (11th Cir. 2015). Section 287 "covers 'situations [where] the defendant is using fraudulent means to secure an unjustified monetary payment from the government.'" *United States v. Williams*, 529 Fed. App'x 6, 9 (2d Cir. 2013) (quoting *United States v. McBride*, 362 F.3d 360, 369 (6th Cir. 2004)).

Young argues that the government's evidence was not legally sufficient to prove that he possessed the requisite *mens rea* for conviction: knowledge that the tax forms he submitted to the government were false, fictitious, or fraudulent. After reviewing the record, we conclude that his challenge is without merit. Young admitted that he prepared and filed his 2013 return himself. On that return, Young claimed an income of $6,125,000 in 2013, though his total income for 2013 was actually $3,127.36. Young also claimed to have had $6,125,000 withheld in federal taxes in 2013, when his actual federal withholding was $160.82. Young does not argue that he ever earned the six-million-dollar figure he claimed as income, or that the government actually withheld that amount. *See Clarke*, 801 F.3d at 828 (finding knowledge where a tax return was "patently false and utterly groundless" on its face). Young also acted dishonestly at a tax assistance center he had consulted about his returns, initially denying that he had filed the tax forms that he did and then feigning ignorance about the amounts that he had claimed.

3

There was additional evidence presented at trial demonstrating that Young could not have genuinely believed the sources on which he purported to rely in filing his claims. For instance, the letters Young received from an inmate friend prompting him to file the returns also suggested that Young needed to take steps to ensure the claims "look[ed] more official" and didn't attract unnecessary attention. Moreover, the evidence at trial established that Young was told on several occasions that his refund claims and the method behind them were false, fictitious, or fraudulent. *See Williams*, 529 Fed. App'x at 9 (finding knowledge where the defendant conceded that he was informed by multiple government officials that his refund claims were frivolous and where the IRS sent the defendant letters informing him that the income and other amounts listed on his returns were frivolous). Young thus admitted receiving a letter from a target of his fraudulent claims, the Broome County District Attorney, rejecting his claims as "fraudulent," and advising him that proceeding with the claims could result in liability. Young also admitted receiving a notice from the Internal Revenue Service ("IRS") informing him that his Form 1040 was frivolous. A representative of the local tax assistance center further told Young that the IRS had taken the position that his tax returns were frivolous. Young nonetheless attempted to enlist unwitting private lawyers, a tax clinic, and the office of a member of Congress in pursuing his fraudulent claims against the IRS.

In sum, rational jurors, considering the evidence as a whole, were entitled to conclude that Young did not submit and pursue his tax returns, seeking a refund, under a genuine belief that these returns were legitimate. The evidence presented at trial was more than sufficient to establish beyond a reasonable doubt that Young filed tax claims for refunds with the IRS and that he knew these claims were false, fictitious, or fraudulent. Accordingly, his sufficiency claim on appeal is without merit.

4

**B. Motion for a New Trial**

"We review for abuse of discretion the district court's denial of a motion for a new trial." *United States v. Josephberg*, 562 F.3d 478, 488 (2d Cir. 2009). Rule 33(a) of the Federal Rules of Criminal Procedure provides that on "the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "In determining whether to grant a Rule 33 motion, the ultimate test is whether letting a guilty verdict stand would be a manifest injustice." *United States v. Walker*, 974 F.3d 193, 208 (2d Cir. 2020) (alteration and quotation marks omitted).

The district court did not abuse its discretion in denying Young's motion for a new trial. The district court appropriately concluded that the jury's decision did not reveal a miscarriage of justice as the evidence presented at trial was more than sufficient to uphold Young's conviction. Based on the evidence, the jurors reasonably concluded that Young knew he sought a refund for money he was not owed, using a scheme that he had hoped would work, but which called for him to submit claims lacking any factual basis. The jury could also have reasonably determined that the sources on which Young purported to rely did not offer instructions for filing a legitimate claim, but instead for how to obtain money from the government under false pretenses. All told, the evidence of Young's guilt persuades us that no "manifest" injustice occurred. *See United States v. James*, 712 F.3d 79, 108 (2d Cir. 2013).

\* \* \*

We have considered Young's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5